# LaFayette Railway Co. *v.* Tucker.

*Action on Account for Work and Labor Done.*

1. *Request to do labor; when not necessary to aver.*—It is not necessary in suing on an account for work and labor done to aver in terms that the work was done at the request of the defendant. If the complaint avers the doing of the work by the plaintiff for the defendant which was accepted and used by it, these facts are sufficient to raise an implied promise on the defendant's part to pay the reasonable value of the service, though its performance had not been previously requested.

[LaFayette Railway Co. v. Tucker.]

2. *Agent; extent of authority to bind principal.*—An agent may bind his principal only to the extent of the authority with which he is invested by the principal, and one dealing with the agent is charged with knowledge of his powers.

3. *Same; authority may be implied.*—But the authority of an agent may sometimes be implied where none was actually conferred; as where the agent is charged with the performance of certain general duties, those acts necessary to the accomplishment of the main object are in general included in the authority. And where one hold out another as its representative by its mode of dealing with him and others, or by habitual recognition and adoption of his acts, another who is thereby misled to treat with the representative within the scope of his apparent power is not bound by secret limitations upon it.

4. *Evidence; may be made competent after its introduction by other evidence.*—Testimony which is incompetent only for lack of connecting facts may be rendered competent by proof of those facts made subsequently during the trial; as where the acts and statements of an agent are admitted in evidence when there was no proof of the authority of the agent to do the acts or make the statements, subsequent evidence tending to show such authority will form a sufficient predicate for the testimony of the acts and statements, and it is immaterial that the preliminary facts were not first introduced.

5. *Promise of engineer of railroad company to pay for extra work; when inures to sub-contractor.*—Where an engineer of a railroad company having superintendence of the road's construction assumed to represent the company to a sub-contractor who was doing the work of construction according to the profile and specifications already made and furnished to him by his employer, the contractor, and told the sub-contractor "to go on and do the work whether it was to the grade or not and the company would pay for it"—said work involving extra labor—it might reasonably be inferred that the promise inured to the sub-contractor.

6. *Res gestae; what is.*—A statement made by the engineer of a railroad company, having superintendence of the construction of the road, to a witness in the presence of a sub-contractor that he, the engineer, had authority to contract for extra work and that it would be paid for by the company was properly admitted in evidence in a suit by the sub-contractor against the company for his pay for this extra work, as part of the *res gestae*, it appearing that at the time the statement was made the work was being done.

7. *Sub-contractor; in suit by what not the subject of inquiry.*—In a suit by a sub-contractor against a railroad company based on

the theory of a contract express or implied existing wholly between the plaintiff and the defendant, independent of any contract between defendant and the contractors, the prices fixed by the latter and settlements made thereon are not proper subjcts of inquiry.

8. *Conclusion of witness; what is.*—A question as to whether work was done according to contract is objectionable as calling for a conclusion; if the conclusion is material it should be left to inference from proof of the contract and the work as actually done.

9. A charge requested which is uncertain in meaning should be refused.

APPEAL from Lee Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

Action by J. A. Tucker and another against the La-Fayette Railroad Company for work and labor done. The plaintiffs were sub-contractors in building the road bed. During the time they were at work the engineer of the company directed certain changes which involved extra labor, and told the sub-contractors that the company would pay for it. The statement of Cowan, the engineer, testified to by W. B. Tucker and referred to in the opinion as part of the *res gestae,* was as follows: "That he had a talk with Mr. Cowan during the month of May after his boys had commenced the extra work and before they finished it. That he went to Cowan's house and asked him if he was authorized to have that' work done. Cowan said he was and further said, 'I am the chief engineer of the LaFayette Railway Company, when the work is done will take it up and the company will pay for it. Said he wanted the grades cut down a little bit and the fill raised. Said it was extra work." Charge 3 refused to defendant is as follows: "Under the contract and evidence offered in this case, plaintiffs were required to do the work which they claim is extra work." Judgment for plaintiffs.

GEO. P. HARRISON, for appellant.—(1). An agent has no authority to bind his principal by a contract not within the scope of his authority.—*Howe Machine Co. v. Ashley,* 60 Ala. 496; *Starkweather v. Goodman,* 48 Conn. 102. (2). Implied ratifications extend only to such acts

of the agent as are known to the principal at the time they are made.—*Taylor v. A. & M. Asso.*, 68 Ala. 229; *Hening, Farrell & Sherman v. Skaggs*, 73 Ala. 455.

(3). The admissions and declarations of an agent not binding on his principal unless made within the scope of his authority.—*Danner Land & Lumber Co. v. Stonewall Co.*, 77 Ala. 184; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112; *Smith v. Plank R. R. Co.*, 30 Ala. 650; *Tanner's Ex'rs v. L. & N. R. R. Co.*, 60 Ala. 621.

(4). Agency must be proven by other evidence than acts of the agent.—*Scarbrough v. Reynolds*, 12 Ala. 252; *McDonald v. Dawson*, 30 Ala. 533; *Cade v. Cromwell*, 17 Ala. 648.

(5). Acts or declarations of agent not admissible against principal until agency is proven.—*Wailes v. Neil*, 65 Ala. 59; *Binum v. Pump Co.*, 63 Ala. 462; *Womack v. Bird*, 63 Ala. 500.

(6). A person deals with an agent at his peril.—*Cummins v. Beaumont*, 68 Ala. 204.

BARNES & DUKE, *contra.*—(1). The error of admitting irrelevant evidence is cured by subsequent evidence showing its relevancy.—*Griffin v. State*, 76 Ala. 29; *McCoy v. Watson*, 51 Ala. 466; *Belmont Coal Co. v. Smith*, 74 Ala. 206.

(2). Agency provable by circumstances.—*Hill, Fontaine & Co. v. Hilton*, 80 Ala. 528.

(3). Admission of agent binding on his principal when made at the time of doing an act in execution of his authority.—*A. G. S. R. R. Co. v. Hill*, 76 Ala. 303.

(4). Ratification resting in parol must be determined by the jury.—*Carew v. Lilienthall*, 50 Ala. 44; *S. & N. R. R. Co. v. Henlien*, 52 Ala. 606; *Witcher v. Brewer*, 49 Ala. 119; *Abbott v. May*, 50 Ala. 97.

(5). Conversation between Tucker and Cowan admissible.—*Crawford v. Jones*, 54 Ala. 459; *Shorter v. State*, 63 Ala. 129; *Clark v. Taylor*, 68 Ala. 453; *Massey v. Smith*, 73 Ala. 173.

(6). Question calling for conclusion of witness objectionable.—*Alexander v. Handley*, 96 Ala. 220; *Reeves v. State*, 96 Ala. 55.

SHARPE, J.—The demurrers were properly overruled.

The first count of the complaint as amended conforms substantially to the Code form where the action is for work and labor done upon request.

The second discloses a good cause of action, for though it is silent as to the request, it avers the doing of work for the defendant which was accepted and used by it. These facts are sufficient to raise an implied promise on the defendant's part to pay the reasonable value of the service, though its performance had not been previously requested.—*Abbott v. Hermon*, 7 Greenl. (Me.) 118; *Day v. Caton*, 119 Mass. 513, 20 Am. Rep. 347.

As disclosed by the facts the work claimed for consisted in the alteration of defendant's road-bed, the construction of which had been originally let to Allen, Andrews and Moorefield and by them sub-let to plaintiffs who contracted with them to construct the bed according to the profile and specifications already made and for which they were to be paid at specified rates by Allen, Andrews and Moorefield. Plaintiffs' evidence tended to show that in addition to the work originally planned and which they undertook for the original contractors, they raised certain portions of the bed and lowered others, at the instance of defendant's civil engineer and under his promise that the defendant company would pay them for it.

Several assignments of error respecting rulings both on matters of evidence and charges refused to the defendant, appear to be based upon the assumed lack of authority in Cowan, the civil engineer, to act for the defendant in employing plaintiffs. An agent may bind his principal only to the extent of the authority with which he is invested by the principal and one dealing with the agent is charged with knowledge of his powers. The authority may however sometimes be implied where none was actually conferred; as where the agent is charged with the performance of certain general duties, those acts necessary to the accomplishment of the main object are in general included in the authority. Again, where one holds out another as its representative by its mode of dealing with him and others, or by habitual

recognition and adoption of his acts, another who is thereby misled to treat with the representative within the scope of his apparent power is not bound by secret limitations upon it.—*Lytle v. Bank of Dothan,* (Ala.) 26 So. Rep. 6, s. c. 121 Ala. 215; *Golding v. Merchant,* 43 Ala. 705; 1 Am. & Eng. Ency. Law, 989. Both Cowan and the defendant's president testify that Cowan had no authority to make contracts for defendant. It is not disputed however that Cowan was the defendant's civil engineer having active and personal superintendence of the road's construction. He testifies that "he had the authority to change the grade of the railroad and have the work done according to the changes." Such changes if made must have involved work extra of the original specifications. He assumed to represent the defendant when according to his own testimony he told one of the plaintiffs, referring to the grading in question, "to go on and do the work, and whether it was to the grade or not that the company would pay for it." Whether by this he meant that the company would pay plaintiffs or the original contractors may not be clear, but being addressed to the plaintiffs it might reasonably be inferred that the promise inured to them. This evidence forms a sufficient predicate for the testimony introduced by plaintiffs of Cowan's acts and statements. That it had not been elicited previously is immaterial. Testimony which is incompetent only for lack of connecting facts may be rendered competent by proof of those facts made subsequently during the trial.—*Belmont Coal. Etc. Co. v. Smith,* 74 Ala. 206; *McCoy v. Watson,* 51 Ala. 466.

The statement of Cowan testified to by W. B. Tucker was properly admitted in evidence. It appears to have been made in the presence of one of the plaintiffs while the work claimed for was in progress and was therefore part of the *res gestæ* and not merely a narration.

The suit is upon the theory of a contract express or implied existing wholly between the plaintiffs and defendant, independent of any contract between defendant and Allen, Andrews and Moorefield. Prices fixed by the latter and settlements made thereon were not proper subjects of inquiry.

The question to McGehee as to whether the work was done according to the contract between defendant and

Allen, Andrews and Moorefield was subject to objection as calling for a conclusion which if material should have been left to inference from proof of the contract specifications and the work as actually done.

Charge 3 is uncertain in meaning, particularly as to which contract is referred to by its terms.

The evidence taken as a whole required the submission of the issues of fact to the jury, and it cannot be held insufficient to support the verdict, or that the court erred in refusing a new trial. The judgment will be affirmed.

Dowdell J. not sitting.

Affirmed.