(77 South. 612)

DAVIES v. BARNES.    (6 Div. 427.)

(Supreme Court of Alabama.    June 28, 1917.
On Rehearing, Dec. 20, 1917.)

1. PLEADING ⬡82—LEAVE TO PLEAD—MINUTE ENTRY—CONSTRUCTION.

Minute entry in action for personal injury counting on negligence and wanton injury, reciting that defendant pleads the general issue and contributory negligence in short by consent, in the absence of an affirmative recital requiring it, will not be interpreted as a consent to plea of contributory negligence to the count for wanton injury, to which it is not legally apt or responsive.

2. MUNICIPAL CORPORATIONS ⬡706(6) — AUTOMOBILE COLLISION—WANTONNESS—QUESTION FOR JURY.

Evidence in action for injury to railroad crossing flagman by being struck by an automobile *held* sufficient to go to jury on the issue of wanton injury.

On Rehearing.

3. MUNICIPAL CORPORATIONS ⬡706(4) — AUTOMOBILE COLLISION—SPEED—EVIDENCE.

That the automobile which struck plaintiff at a railroad crossing was, when a block and a half away, approaching it at a speed of 25 miles an hour, is prima facie a fact for the jury's consideration as affording an inference of fact with respect to its probable speed at the place of accident.

4. TRIAL ⬡90 — EXCLUSION OF EVIDENCE — NECESSITY OF MOTION.

Any subsequent developments in the course of a trial which nullifies the prima facie relevancy of a fact which has been admitted in evidence requires a motion for its exclusion.

5. TRIAL ⬡43 — RECEPTION OF EVIDENCE — DISCRETION.

The distance from the place of collision of an automobile with a person at which its speed may be shown as affording an inference of fact of its subsequent speed at place of collision is in the sound discretion of the trial court, depending on the facts of each case.

Anderson, C. J., and Mayfield and Sayre, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by Frank Barnes against Joseph H. Davies for injuries from an automobile accident.    Judgment for plaintiff, and defendant appeals.    Affirmed.

The accident occurred at the Louisville & Nashville crossing at Twentieth street in Birmingham, according to numerous disinterested witnesses, and the plaintiff himself, who was the crossing flagman employed by the railroad company, was run against and knocked down by defendant's car, driven by a negro chauffeur, while plaintiff was engaged in flagging an engine across the street, and waving the red flag to pedestrians and vehicles, and while he was unconscious of the approach of the automobile.    According to defendant and his chauffeur, and several other occupants of the car, plaintiff signaled to the automobile with the green flag to proceed over the crossing, watched it approach, and just before it reached him stepped immediately in front of it, and was therefore knocked down and injured.    The case was submitted to the jury on two counts charging simple negligence and one count charging willful and wanton injury.    No formal pleas were filed, but the minute entry contains the recital that defendant pleads the general issue, and contributory negligence in short by consent, with leave to give in evidence any testimony that may be material to his defense, and issue being joined, etc.    The plaintiff's first witness Rogers testified that he first saw the automobile approaching a block and a half south of the crossing.    He was then asked the question: "At what rate of speed was the automobile running when you first saw it?"    Over the objection that it was incompetent and irrelevant, the witness was permitted to answer: "At the rate of about 25 miles per hour."    Defendant requested the general affirmative charge to each count of the complaint, and also the charge that, if plaintiff was guilty of negligence which contributed proximately to his alleged injury, your verdict must be for defendant.    There was verdict and judgment for plaintiff in the sum of $2,000.

W. M. Walker and Allen, Bell & Sadler, all of Birmingham, for appellant.    Banks, Deedmeyer & Birch, of Birmingham, for appellee.

SOMERVILLE, J.    While the fact that the automobile that injured plaintiff was running 25 miles an hour a block and a half south of the crossing does not generate any presumption of law, even prima facie, that it entered upon or passed over the crossing at a similar rate of speed, nevertheless it was clearly a fact for the jury to consider, as affording an inference of fact with respect to its probable speed and control when it very shortly thereafter reached and passed over the crossing.    The point has been so ruled in Hilary v. St. Ry. Co., 104 Minn. 432, 116 N. W. 933, and Portsmouth St. R. R. Co. v. Reed, 102 Va. 662, 47 S. E. 850.    If defendant's evidence afterwards introduced, rebutted such an inference, this did not invalidate the admission of the original fact.

[1] Appellant's contention is that his plea of contributory negligence in short by consent was to each and every count of the complaint, and hence that he was entitled to the requested instruction upon the effect of plaintiff's contributory negligence as a bar to recovery upon the complaint as a whole.

Contributory negligence is no defense to wanton injury, and a plea of contributory negligence is not legally apt or responsive to a count for wanton injury.    The minute entry does not affirmatively show that plaintiff consented that contributory negligence should be pleaded in short to the whole complaint, nor to each of the counts separately.    We think the fair intendment of the recital is that the general issue and contributory

negligence in short were pleaded to such counts of the complaint as they were severally appropriate and legally responsive to. To interpret plaintiff's consent as meaning anything more than this would produce a result as unjust as we think it was unintended; and, in the absence of an affirmative recital requiring that interpretation, we cannot so hold. In this view of the record, the trial judge properly refused the instruction in question.

[2] If the jury believed the testimony of some of plaintiff's witnesses, including also defendant's statement that he warned his chauffeur when the car was 30 feet away from plaintiff, and could have been stopped in 4 feet, that plaintiff was going to get in front of the car they might well have found that the chauffeur was guilty of wanton negligence in running the car against plaintiff, who, according to many witnesses, was in plain view of the chauffeur, and discharging his duty to the public, while wholly unconscious of the approach of the car. The affirmative charge on the wanton injury count was therefore properly refused.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. [3] Since the foregoing opinion was written our attention has been called by appellee to the case of L. & N. R. R. Co. v. Woods, 105 Ala. 561, 570, 17 South. 41, 45. It was there said:

"There was no error in receiving testimony as to the rate of speed of the train at Holmes' Gap, which was not more than a mile and a half from the place of the injury. The jury could very properly consider the rate of speed here, in determining the rate of speed at a place so near."

So far as the prima facie relevancy of the evidence in the instant case is concerned, we think the question is foreclosed by the decision in the Woods Case.

[4] If subsequent developments in the course of the trial nullified this prima facie relevancy, which we need not determine, a motion should have been made for its exclusion, failing which the trial judge cannot be put in error for its original rightful admission.

We, of course, do not overlook the difference between a railroad train running on rails, and probably observing the obligations of a schedule time, and an automobile running on the highway at the will of its driver. There is a difference, but the difference is in the strength of the inference and its probative value, and not in the principle of relevancy and admissibility.

[5] With respect to the distance at which previous speed is admissible for this purpose, there must indeed be some limit; but, as in all similar cases, this will depend upon the facts of each case, and must be left to the sound discretion of the trial court.

The application for rehearing will be overruled.

McCLELLAN, GARDNER, and THOMAS, JJ., concur. ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., dissent.