(77 South. 45)

T. L. FARROW MERCANTILE CO. v. DAVIDSON. (8 Div. 51.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. TRIAL ⟨⟩150—SUFFICIENCY OF EVIDENCE —FORM OF OBJECTION.

The sufficiency of plaintiff's evidence in detinue cannot be tested by a motion to exclude it.

2. TRIAL ⟨⟩105(1)—OBJECTIONS—TIME.

Overruling objections to testimony already received without objection is not erroneous.

3. APPEAL AND ERROR ⟨⟩1050(2)—HARMLESS ERROR—ADMISSION OF TESTIMONY.

A judgment for plaintiff in detinue action will not be reversed for immaterial, but non-prejudicial, testimony that witness did not know where a boy went with the property involved.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Detinue by Henry Davidson against the T. L. Farrow Mercantile Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

For opinion on previous appeal, see 13 Ala. App. 614, 68 South. 602.

The evidence for plaintiff tended to show that he had a bale of cotton from the ginyard known as the old Jordan gin, and that about a week afterwards the bale disappeared, and he went to Guntersville looking for it. David Lusk was at that time bookkeeper and secretary of the T. L. Farrow Mercantile Company, and plaintiff testified that Lusk said Farrow bought the cotton and gave a check for it. Tom Windsor, a witness for plaintiff, testified that he helped a boy named Columbus Davidson load a bale of cotton on a wagon at Jordan's gin, and after it was loaded the boy went the usual way traveled toward Guntersville. Others testified that they saw the boy with the cotton going toward Guntersville. David Lusk testified to receiving a bale of cotton from Columbus Davidson for defendant, and giving them a check for it, and that on another occasion plaintiff came to him demanding the cotton received from Columbus Davidson.

John A. Lusk & Son, of Guntersville, for appellant. W. C. Rayburn, of Guntersville, for appellee.

THOMAS, J. This suit, which was in detinue, for the recovery of one bale of cotton, was brought by appellee against appellant in the justice court, and from judgment there rendered for the defendant the plaintiff appealed to the circuit court. The trial in the circuit court resulted in judgment for the defendant, and on appeal to the Court of Appeals the judgment of the circuit court was reversed, and the cause was remanded. Davidson v. Farrow Mercantile Co., 13 Ala. App. 614, 68 South. 602. On a second trial judgment was rendered for the plaintiff.

By the present appeal two questions are presented for decision: The refusal of the court to exclude plaintiff's testimony when plaintiff had closed his evidence, and the ruling on introduction of certain of plaintiff's evidence.

[1] That the court properly refused defendant's motion to exclude the evidence after plaintiff had rested is supported by the recent case of Stewart Bros. v. Ransom, 76 South. 70, ante, p. 304.

[2] There was no error in overruling defendant's objection to the statement of David Lusk detailed by plaintiff, as a witness, without objection. The transcript shows that "David Lusk said Farrow bought the cotton, and that he gave a check for it." The defendant objected to any statement by Lusk as to any past transaction. The court of his own motion said, "It is too late; you let two or three questions go by without objection to the question." The answer to plaintiff's inquiry, "What did Lusk say about it?" was, in effect, what he had just stated without objection—that Farrow bought the cotton, and that he (witness) gave a check for it, or

that "he gave him a check"; that is, gave a check therefor to the reputed vendor of the bale of cotton.

It may be that, if the objection had been interposed in the first instance, it should have been sustained. La Fayette Railway Co. v. Tucker, 124 Ala. 514, 27 South. 447; Owen v. A. G. S. R. R. Co., 181 Ala. 552, 563, 61 South. 924; Vinson v. Southern Bell T. & T. Co., 188 Ala. 292, 305, 66 South. 100, L. R. A. 1915C, 450.

[3] While the objection and exception to question and answer: "Q. Where did the boy go? A. I cannot tell you; he took the railroad and left on the train"—were immaterial to the issues in detinue, yet we are not willing to reverse the case for the introduction of the same. The effect of the testimony was nothing more than that witness did not know where the boy went after he left on the train.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.