(134 So. 637)

**TOWNSEND v. ADAIR.**

4 Div. 541.

Supreme Court of Alabama.
April 23, 1931.

Rehearing Denied May 28, 1931.

Mulkey & Mulkey, of Geneva, for appellee.

E. C. Boswell, of Geneva, for appellant.

FOSTER, J.

The demurrers to the complaint are not argued in brief to the extent of pointing out the assignments relied on as constituting a defect. The court sustained demurrers to the special pleas of contributory negligence. We have heretofore in many cases stated that such pleas are not sufficient if they merely state a conclusion of law, but must aver the facts constituting the negligence, and that the facts so averred must be such as that the conclusion of negligence follows as a matter of law. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Smith v. L. & N. R. R. Co., 219 Ala. 676, 123 So. 57.

Plea 4 states a conclusion that a speed of forty miles per hour is reckless and dangerous, whereas the circumstances to make it so should be alleged to justify the conclusion. At the time of this occurrence, it was controlled as to speed by section 6267, Code. The road law of 1927 (Acts 1927, p. 363, § 47 et seq.) had not been enacted. Government St. Lumber Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177.

Plea 5 does not allege that the inadequacy of the brakes was due to the negligence or other wrong of plaintiff or his agent, etc.

Plea 6 is but a traverse of a material allegation of the complaint, and it is embraced in the plea of the general issue.

Plea 7 does not allege that the absence of horn or bell was due to the negligence or

152

other fault of plaintiff or his agent, etc. It also in effect traverses that feature of the complaint which alleges the use of effective signals by plaintiff's driver.

Plea 8 and A combine in one plea in the conjunctive all the substantial allegations of pleas 4, 5, 6, and 7, without adding the necessary averments to which we have referred. Moreover, in order to sustain them, it is necessary that one or more of the material affirmative allegations of the complaint be absent. That question is raised by the plea of the general issue.

Plea B is subject to the same comment. We note also that the ruling on demurrer to that plea is not assigned for error nor argued by appellant in brief.

 We think that given charge A leaves out of consideration the testimony of defendant to the effect that, after he saw plaintiff's car approaching three or four hundred feet behind him, .he extended his left hand out of his window two hundred and fifteen or two hundred and twenty-five feet from the road intersection where the accident happened. The charge would justify the driver of plaintiff's car in attempting to pass that of defendant, though defendant had given the usual signal of his intention to turn. It is true that the evidence for plaintiff was to the effect that no such intention was manifested. But the charge does not predicate the right to pass upon a belief by the jury of the evidence offered by plaintiff in this respect. The transcript does not expressly state that charge A was given at the request of plaintiff. But it immediately follows in the record the general oral charge of the court. Section 9509, Code, directs that in the record the charges shall appear as follows: (1) The charge of the court; (2) the charges given at the request of the plaintiff or the state; (3) the charges given at the request of the defendant; (4) the charges refused to the appellant. We presume that the clerk complied with this statute, and therefore that charge A was given at the request of the plaintiff.

None of the other given charges are assigned for error.

 The refused charge numbered 3 is defective in not stating what are defendant's "rights," that are referred to, and its substance is embraced in the general charge, and it also injects an issue of contributory negligence which is wanting, and is confusing in its general effect.

Refused charge numbered 4 is fully covered in the general charge. Refused charge 7 relates to contributory negligence which

was not an issue, and it is too general and indefinite, if there had been such an issue.

 There was no error in sustaining objection to the evidence offered by defendant that, after the accident, the driver of plaintiff's car stated that it occurred because he did not have brakes. This was hearsay, and not a part of the transaction. Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73.

 The rule which has been adopted in this state with respect to the admissibility of evidence tending to show the speed at which an automobile is traveling at a point along the highway before reaching that at which the accident occurred as tending to show its speed at the latter place has been stated in some of our cases. Such evidence is said to be admissible when it relates to a place not so remote as that a fair inference may be indulged that substantially such speed was probably maintained to and at the time of the accident. This will depend upon the facts of each case, and must be left primarily to the sound discretion of the trial court. Davies v. Barnes, 201 Ala. 120, 77 So. 612; Bains Motor Co. v. Le Croy, 209 Ala. 345, 96 So. 483.

 There was no pleading in this case whereby the speed of plaintiff's car was made an issue. Such speed at the time of the accident was an incident to it, and a part of the transaction, but collateral in nature. The rule, therefore, which we have stated, does not have direct application to this case. Upon such state of the pleading, there was no reversible error in excluding evidence of the speed of plaintiff's car at a point other than that of the accident.

We have referred to the rule above stated for the benefit of another trial in event the issues may include such speed as a direct inquiry. 42 C. J. 1224. The circumstances may be such as that the speed of plaintiff's car proximately contributed to the accident under circumstances sufficient to preclude a recovery upon a sufficient plea (42 C. J. 952, 953), indulging the presumption that the operator of the car was an authorized agent of plaintiff (Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816).

For the error in giving charge A, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.