(135 So. 185)
### WHITTAKER v. WALKER et al.
### 4 Div. 488.

Supreme Court of Alabama.
May 28, 1931.

T. M. Espy and Lee & Tompkins, all of Dothan, for appellees.

SAYRE, J.

Plaintiff's intestate, riding in an automobile, lost her life in a collision with another automobile on the highway between Dothan and Ashford. That highway is not paved; it is surfaced with gravel or sand clay. There was evidence—the testimony of the husband of deceased who was driving the car in which she was riding, a Ford touring car—that defendant's car at the time of the collision was moving at the speed of fifty miles an hour. The court excluded testimony offered by plaintiff to the effect that defendant's automobile was moving at the rate of fifty miles an hour at a point three-quarters of a mile before it reached the place of collision. The courts are not agreed as to whether evidence of this peculiar character should be received in cases of this sort. This court in Louisville & N. v. Woods, 105 Ala. 561, 17 So. 41, 45, in which plaintiff, a brakeman on defendant's freight train, complained that, by reason of the negligent operation of the train, he had been thrown therefrom, suffering the injuries complained of—in that case this court held that "there was no error in receiving testimony as to the rate of speed of the train at Holmes' Gap, which was not more than a mile and a half from the place of the injury. The jury could very properly consider the rate of speed here, in determining the rate of speed at a place so near."

O. S. Lewis, of Dothan, for appellant.

In Davies v. Barnes, 201 Ala. 120, 77 So. 612, 613, plaintiff was run against and injured by defendant's automobile at a point where a railroad crossed Twentieth street in the city of Birmingham. A witness was allowed to state the rate of speed at which the automobile was moving at a point a block

and a half south of the crossing. Affirming the judgment for the plaintiff, this court said:

"We, of course, do not overlook the difference between a railroad train running on rails, and probably observing the obligations of a schedule time, and an automobile running on the highway at the will of its driver. There is a difference, but the difference is in the strength of the inference and its probative value, and not in the principle of relevancy and admissibility.

"With respect to the distance at which previous speed is admissible for this purpose, there must indeed be some limit; but, as in all similar cases, this will depend upon the facts of each case, and must be left to the sound discretion of the trial court."

In the one case the vehicle, the speed of which was in question, was a railroad train; in the other, it was an automobile on a city street. To the same effect was the opinion in a case in which the distance between the points of observation and contact was "several hundred feet." Bains Motor Co. v. Le Croy, 209 Ala. 345, 96 So. 483. We have stated in such general terms as the report of the evidence requires the nature of the roadway between the point of observation by the witness and the place of the accident. It is thought that we may assume that the roadway between the two points was of similar construction in general. What variations there may have been in grade or other respects is not made to appear in the bill of exceptions, which purports to set out the whole evidence. It is safe to assume as of common knowledge that the road here in question in respects that would affect speed differs materially from the railroad and the street which figured in the cases to which we have referred, and, upon due consideration, the court is of opinion that no error appears in the rulings heretofore stated. Townsend v. Adair, ante, p. 150, 134 So. 637.

■ The statute (Acts 1927, pp. 366, 367, § 51, subsec. (b), provides that "it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful." And then, after prescribing speeds which shall be prima facie lawful in various situations, the statute (paragraph 8) provides: "Forty-five miles an hour under all other conditions." And then the statute reads: "It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations, except," etc.; the exception having no bearing upon the rights or duties of the parties in the situation presented by the evidence in this case. The charges refused to appellant, plaintiff in the trial court, if given, would have had the effect of making a speed of fifty miles an hour conclusive of action-

able negligence, whereas under the statute it was prima facie only. The rule governing all cases is stated in subsection (a) of section 51 of the act in the following terms: "(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person."

■ There was, then, no reversible error committed by the court in the refusal of charges 1 and 3 requested, as we assume, though the bill of exceptions does not so state, by appellant.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.