249 So.2d 810

Robert J. COKER

v.

RYDER TRUCK LINES, a Corporation, et al.

2 Div. 536.

Supreme Court of Alabama.

June 17, 1971.

Roberts & Davidson, and Frank Parker, Tuscaloosa, for appellant.

Hubbard & Waldrop and James J. Jenkins, Tuscaloosa, for appellees.

BLOODWORTH, Justice.

Plaintiff appeals from a judgment for defendants after a jury verdict was rendered in favor of defendants.

The basis for the suit is an accident which occurred on September 5, 1968 on U.S. Highway 11, a two lane road, at a point between Tuscaloosa, Alabama and Eutaw, Alabama, approximately 2.8 miles north of Eutaw as both vehicles were proceeding towards Eutaw. The complaint charged the defendant Ryder Truck Lines and its driver, Wilfred Sonnier, with negligence in the operation of Ryder's tractor trailer causing it to collide with plaintiff's automobile proximately resulting in his injuries. Plaintiff's personal injuries con-

sisted of a cut nose, dislocated toe, and a fractured leg. He also claimed expenses incurred in treating these injuries, property damage to his automobile, and decrease in the value of his business.

■ There are eight assignments of error. All, save one, deal with evidentiary questions. That one complains of plaintiff's being deprived of a fair trial. Since it is not argued, it is deemed waived. Supreme Court Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI; Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425 (1968). After a careful consideration of the other assignments of error, we have concluded that the judgment of the trial court ought to be affirmed. Our reasons will hereinafter appear.

■ Assignments of error 1, 2 and 3 are as follows:

"1. For that the trial court erred in sustaining the Appellees' attorneys objection to a question propounded, by the Appellant's attorney, to the witness Moses Finch, the question propounded being;

" 'As you were traveling along there coming down the road, did you make any attempt to pass this Ryder Truck Line truck?'

"2. For that the trial court erred in sustaining the Appellees' attorneys objection to a question propounded, by the Appellant's attorney, to the witness Moses Finch, the question propounded being;

" 'What happened?'

"3. For that the trial court erred in sustaining the Appellees' attorneys objection to a question propounded, by the Appellant's attorney, to the witness Moses Finch, the question propounded being;

" 'All right, I'll ask you this, Moses. After you decided to drop back at whatever point that was did you attempt to pass that truck?' "

The context in which these three assignments of error arose is contained in the transcript during the examination of Moses Finch, viz:

"Q. How long had you been behind that truck?

"A. I had been behind the truck almost from Tuscaloosa. I'd say from the bridge up there. I came up on it at the bridge going into Tuscaloosa.

"Q. What were the weather conditions at this time, Moses?

"A. Well it was raining a little, and the road was wet.

"Q. *As you were traveling along there coming down the road, did you make any attempt to pass this Ryder Truck Line truck?*

"MR HUBBARD: We object, your Honor.

"THE COURT: Sustain the objection.

"Q. You say that you followed the truck from a point somewhere after you left Tuscaloosa?

"A. Yes sir.

"Q. All right, and did you stay behind the truck all the way?

"A. Yes sir. I made several attempts to pass it.

"Q. *What happened?*

"MR. HUBBARD: Your Honor, I object.

"THE COURT: Sustain the objection.

"Q. Now when you came on down to— got down close to the area where the wreck happened * * *

"MR. BANKS: Your Honor, we object until it's shown how close.

"THE COURT: Let him finish the question.

"MR. BANKS: Yes sir.

"Q. When you got down to an area which I believe you said was a straightaway, that's when Mr. Coker passed you?

"A. Yes sir.

"Q. And from the time that Mr. Coker passed you, tell us in your own words what you saw happen.

"A. Well, from the time—the reason he passed me, I slowed down real slow, because there was a car behind me, so that he could pass me since I had decided not to try to pass any more. I stayed a distance back, and when I saw them again, they'd had the wreck.

"Q. You were a distance behind the truck?

"A. Yes sir.

"Q. And behind the car also?

"A. Yes sir.

\*　\*　\*　\*　\*　\*

"Q. *All right, I'll ask you this, Moses. After you decided to drop back at whatever point that was did you attempt to pass that truck?*

"MR. BANKS: I object, your Honor.

"THE COURT: Sustain the objection."

[Emphasis supplied]

Plaintiff contends that reversible error was committed by the trial court in sustaining the objections to questions to witness Finch as to his "attempt" to pass the truck since this would show the manner (and particularly the speed) in which the defendant Ryder's truck was being operated prior to the accident.

Defendants argue that the trial court's rulings were correct since the questions were not clear as to what point in time or distance prior to the accident the answers were sought. We agree. Our decisions are to the effect that such evidence to be admissible must not be too remote from the scene of the accident and that its admissibility is largely in the discretion of the trial court. Townsend v. Adair, 223 Ala. 150, 134 So. 637 (1931); Swindall v. Speigner, 283 Ala. 84, 214 So.2d 436 (1968). Here, the question may well have been addressed to a time and place anywhere between Tuscaloosa and the scene of the accident, a distance of approximately thirty miles. The objections to these questions were properly sustained by the trial court. We find no abuse of that court's discretion. We might add there may be other reasons why sustaining objection to the questions posed is not reversible error.

■ Neither do we think that sustaining objection to the very general question, "What happened?" was reversible error. What happened where? If the question sought to determine what happened when the witness "attempted" to pass the truck, we are again constrained to comment that there is no showing as to what time or place with reference to the point of accident the question is directed. As we have already pointed out the admission of such evidence is largely discretionary. See authorities, supra. Moreover, if the question sought to determine what happened when plaintiff passed the witness just before the accident, the witness answered this question subsequently.

■ Assignments of error 4, 5 and 6 are:

"4. For that the trial court erred in sustaining the Appellees' attorneys objection to a question propounded to the Appellant relative to whether his business had been offered for sale prior to the automobile wreck, the question being;

" 'Immediately before this wreck happened, Mr. Coker, was your business for sale?'

"5. For that the trial court erred in sustaining objections by Appellees' counsel to Appellant's question propounded to Plaintiff-Appellant, relative to the actual price that Appellant's business sold for after the automobile wreck occurred.

"6. For that the trial court erred in sustaining objections of Appellees' counsel to a question propounded to Appellant concerning the actual sale price of his business after the wreck occurred."

Plaintiff's argument as to these assignments of error is to the effect that plaintiff was unable to devote full time to his business after the accident as a result of his injuries and it depreciated in value. Plaintiff says he should have been permitted to testify he did not receive as much money for it at the time he sold it as he would have received before the accident.

As defendants aptly observe, this evidence only goes to the extent of damage allegedly suffered by plaintiff. But, the verdict and judgment absolved the defendants from liability. Thus, error, if any, in sustaining objection to such testimony cannot be made the basis for a reversal of such ruling. Sexton v. Jonnson, 278 Ala. 384, 178 So.2d 541 (1965); Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277 (1960); Salvation Army v. Security Roofing Co., 255 Ala. 349, 51 So.2d 513 (1951).

There may be other reasons why there was no reversible error in excluding this proferred testimony, as suggested by defendants. We note that subsequent testimony by plaintiff was offered to show that he was unable to devote full time to his business after the accident and that the difference in the fair market value of his business on the day of the wreck ($250,-000), and the day when his business was taken over by the buyer ($200,000), was shown to be $50,000.

The last assignment of error is:

"7. For that the trial court erred in overruling the Appellant's objection to a question propounded by Appellee to the Appellant concerning whether the Appellant was or was not wearing seat belts at the time of the accident."

That assignment of error arose in the following context, viz:

"Q. (By Mr. Hubbard) Mr. Coker, at the time of this accident, did the '68 Buick Wild Cat you were driving—was it equipped with seat belts?

"A. Yes sir.

"Q. Did you have those seat belts on?

"A. No sir.

"MR. DAVIDSON: I object.

"Q. *You were not wearing seat belts?*

"MR. DAVIDSON: We object.

"THE COURT: Overrule the objection.

"MR. DAVIDSON: We except.

"A. No sir, I wasn't wearing it.

"MR. HUBBARD: I believe that's all I have."

[Emphasis supplied]

Plaintiff contends in brief that our recent decision Britton v. Dohring, 286 Ala. 498, 242 So.2d 666 (1970), "is in point and which the Appellant respectfully submits answers to [sic] the question raised by Appellant in his Assignment of Error 7." Plaintiff argues it was error to overrule his objection to the question because, under our holding in Britton v. Doehring, such proof would be inadmissible to mitigate damages and, under that case's rationale, it would also be inadmissible to show contributory negligence.

We did hold in Britton v. Doehring, supra, inter alia, that evidence of "nonuse of an available seat belt is inadmissible to mitigate the damages." We expressed no opinion as to whether nonuse of seat belts may constitute contributory negligence, nor did we express an opinion as to the effect of failure to wear seat belts in wrongful death cases.

However, we need not be concerned with these contentions because we think the trial judge committed no reversible error in overruling the objection to the question put

to the plaintiff. It is clear from the record that the first objection (which the court did not rule on) came after the answer. Therefore, that objection came too late. Alabama Power Company v. Sellers, 283 Ala. 137, 214 So.2d 833 (1968). The answer was in without legal objection.

The rule is that overruling objections to questions already received without objection is not reversible error. T. L. Farrow Mercantile Co. v. Davidson, 200 Ala. 671, 77 So. 45 (1917); Mobile City Lines, Inc. v. Hardy, 264 Ala. 247, 86 So. 2d 393 (1956). We suggest the result is the same whether no objection is made or objection is made too late, so far as application of this rule is concerned. We find no prejudicial or reversible error in the trial court's overruling the objection.

Affirmed.

HEFLIN, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.