313 So.2d 166

**William E. DEESE**

v.

**Sammie Ray WHITE.**

**SC 923.**

Supreme Court of Alabama.

May 1, 1975.

Rehearing Denied May 29, 1975.

Benjamin H. Kilborn, Mobile, for appellant.

Collins, Galloway & Smith, Carl M. Booth, Guardian ad litem, Mobile, for appellee.

FAULKNER, Justice.

Mr. Deese filed a two count suit in the Circuit Court of Mobile County, seeking recovery for the wrongful death of his minor son. At the pretrial conference Deese struck the negligence count and the case was tried and submitted to the jury on the wanton count, and a plea of the general issue. The jury returned a verdict for the defendant. A motion for new trial was denied.

On appeal to this court, Deese filed seven assignments of error. The first assignment of error alleges that the court erred in overruling the motion for new trial. Assignments 2 and 3 allege error in giving defendant's written requested charges on wantonness. Assignments 4 and 5 allege error in the court's giving an explanatory oral charge on wantonness and refusing Deese's request for a full explanatory charge on the question of wanton misconduct. Assignments 6 and 7 allege error in allowing a witness to answer the following questions over objections:

" . . .

'Q. Now during this time that they drove you over to your house did you notice anything wrong with the driving on the part of Mr. White?" (Assignment of Error 6.)

" . . .

Q. Did you notice anything wrong with the way Mr. White was driving at that time?" (Assignment of Error 7.)

This case is reversed and remanded for error in allowing an answer to the question set out in Assignment 7 over objection of Deese. We pretermit discussion of the other assignments of error because of the likelihood of a new trial.

The evidence shows that Sid Deese, a 16-year-old minor, was killed in an automobile accident which occurred about 8:30 P.M., August 18, 1972. Young Deese was a passenger in a car driven by Sammie Ray White, a minor. Young Deese and White were the only occupants of the car at the time of the accident. No other automo-

biles were involved. The collision occurred after sunset on a county highway when White lost control of the car and ran off the road. The car landed in a pine thicket striking a tree on the passenger's side. The impact fatally injured young Deese.

White drank three beers from 6:00 P.M. until the accident. He had just finished drinking a beer before the accident. White was trying to overtake a Dodge Challenger 383 Magnum driven by a friend. He denies he was drunk. Evidence of White's speed just prior to the accident was conflicting. A patrol officer estimated White's speed just prior to the accident at 70 to 80 miles per hour. An eyewitness testified White's speed was 65 to 70 miles per hour. White denied he was speeding. He testified he did not know how he lost control of his car.

Prior to the time of the accident White had another passenger in his car—a 15-year-old male named Joseph Claude Stanley. White had met Stanley at the house of a person named Cecil Cole, who was working on Stanley's car. Stanley asked White to take him to his house which was two miles from the Cole house. White took Stanley to his house—waited 15 minutes for him to dress—and then brought Stanley back to the Cole house. On the return they passed Cecil Cole going in the opposite direction. White let Stanley out of his car and turned around and was attempting to overtake Cole when he lost control of the car.

The alleged error contained in Assignment 7 is shown in the interrogation of Stanley.

"Q. And how long were you in your house changing, do you have any idea?

"A. I don't know.

"Q. Well, just, you know, fifteen or twenty minutes?

"A. I'll say fifteen minutes.

"Q. And then did they drive you back to the Cole's house?

"A. Right.

"Q. *Did you notice · anything wrong with the way Mr. White was driving at that time?* [Emphasis added.]

"MR. KILBORN: Again I would object.

"THE COURT: Overruled."

The witness further testified it was about two miles from Cole's house to the scene of the accident. He was told of the accident 10 minutes after it happened.

We interpret the question, "Did you notice anything wrong with the way Mr. White was driving at that time?" was asked to determine from the witness whether White was driving recklessly or speeding, or whether White was intoxicated. Whatever was meant, we are of the opinion the question called for evidence too remote in time and distance and place, and was therefore inadmissible. We are mindful of the fact that the admissibility of such evidence is largely discretionary with the trial court. Coker v. Ryder Truck Lines, 287 Ala. 150, 249 So.2d 810 (1971); Swindall v. Speigner, 283 Ala. 84, 214 So. 2d 436 (1968). In *Swindall* this court approved the admission of evidence of speed of the defendant's car a mile and a half from the scene of the accident. In *Coker* evidence of speed was properly excluded by the trial court where such evidence could have related to speed some 30 miles from the scene of the accident. In Whittaker v. Walker, 223 Ala. 167, 135 So. 185 (1931), evidence of speed of defendant's automobile at a point three-quarters of a mile from the scene of the accident was held to be properly excluded. In Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289 (1947), evidence of speed four-tenths of a mile from the collision was properly excluded. In Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954), this court

said what occurs preceding an accident, such as speed of the car, etc., depends for its admissibility on the facts of each case.

Under the facts of this case in considering Assignment of Error No. 7, we are not convinced that the witness, Stanley, could say that he noticed anything wrong with White's driving when White let him out of his car some two miles from the scene of the accident. White had a different mission in mind after leaving Stanley at the Cole house. He wanted to overtake Cecil Cole driving a high-powered automobile. His method of operating his car could have been entirely different after leaving Stanley. How White drove from Stanley's house to Cole's house was too remote to show evidence of how he was driving at the time of the accident. The break in time and place rendered the evidence irrelevant and inadmissible.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.