This petition for writ of mandamus arises from a pending action for injuries received in a one-car accident. The trial court granted plaintiffs' motion in limine precluding any evidence of the speed or reckless operation of plaintiffs' vehicle "at any time other than up and until the immediate time of the accident." The defendant Houston County brings this petition seeking to have this Court direct the trial court to permit the defendant to offer evidence of the speed or reckless operation of the plaintiffs' car prior to the moment of the mishap itself.
Plaintiffs are two minors, Carlos Alfredo Ponce and Charles R. Brown, and the father of the deceased minor, George Lindsey Deal. The three boys occupied an automobile involved in a one-car accident on January 23, 1981, on the Old Taylor Road in Houston County, Alabama. Charles Brown was driving the car.
Ponce and Deal's father (hereinafter Deal) sued Brown for wanton operation of the car and his father for negligent entrustment. The parties have reached a pro tanto settlement on these claims. The case before us involves counts in amended complaints by Ponce and Deal and in a complaint filed by Brown against Houston County for improper maintenance of Old Taylor Road. Houston County defended, inter alia, on contributory negligence and assumption of risk. The cases were consolidated for trial.
The plaintiffs filed their motion in limine, and the court granted the motion in the terms requested, ordering:
 "That the Defendants, their counsel, and their witnesses refrain from introducing any evidence, either directly or indirectly, by direct examination or cross examination, or by mentioning or alluding to, with regard to any alleged speeding of the Brown vehicle or reckless driving of the Brown vehicle or other circumstances or conditions concerning the Brown vehicle at any time other than up and until the immediate time of the accident complained of in Plaintiffs' Complaint, without further order of this Court."
The court found that any evidence of speed or recklessness at any time other than the immediate time of the accident would be too remote and irrelevant.
The facts as revealed in depositions included in the record are as follows. On the night of the accident, plaintiffs were engaged in following or chasing another car occupied by four minors: Mike Palmer, Dickey Lillard, Ronnie Goss, and Roger Whatley, the driver. Palmer, Lillard, and Whatley gave depositions regarding the events leading up to the accident. As the boys in the Whatley car were leaving a local pizza parlor, the boys in the Brown car pulled out behind them and started following them. They drove through several residential neighborhoods, hoping that Brown and the others would grow tired of following them.
When this did not happen, Whatley proceeded to the highways and tried to leave the other car behind: he was driving a Pontiac Trans-Am, a more powerful car than the Ford Maverick driven by Brown. Although Brown would lose ground on straightaways, he managed to regain it on curves and in traffic. The boys testified that they were driving 90 to 95 miles per hour or more and the Brown car stayed relatively close behind them.
Whatley turned off the highway onto Bob Hall Road and from there onto Old Taylor Road. He slowed down for a moment, *Page 1270 
hoping that Brown had not seen him make the turn and would continue on the other road. He saw in the rearview mirror a car make the turn, and he could tell by the light of a streetlight that it was Brown's car. The boys testified variously that it was one hundred to four hundred yards behind them at that time.
Whatley accelerated. Approximately a mile to a mile and a half down the road they reached a curve which turned to the right. All three of the young men testified on deposition that they were going 90 to 95 miles per hour as they rounded the curve, and that they themselves almost wrecked. Lillard testified that the driver behind them was trying to catch them and estimated that the second car was going 90 to 95 miles per hour on the straightaway of Old Taylor Road before the curve where the accident happened. Palmer testified that he saw headlights flash on the trees as though the car had turned, but none of the boys saw it wreck. Deal died of injuries received in the wreck. Ponce and Brown were severely injured and state that they have no recollection of the events leading to the accident.
Respondents, the plaintiffs Ponce, Deal, and Brown, argue that all of this testimony is irrelevant as being too remote because none of the boys in Whatley's car saw Brown's car as it entered the curve or could estimate its speed at that time.
Admission of evidence as to the speed or manner of operation of an automobile prior to the time of an accident is a matter for the trial court's discretion. Deese v. White, 294 Ala. 123,313 So.2d 166 (1975); Coker v. Ryder Truck Lines, 287 Ala. 150,249 So.2d 810 (1971); Swindall v. Speigner, 283 Ala. 84,214 So.2d 436 (1968); Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77
(1954); Utility Trailer Works v. Phillips, 249 Ala. 61,29 So.2d 289 (1946); Whittaker v. Walker, 223 Ala. 167,135 So. 185 (1931); Davies v. Barnes, 201 Ala. 120, 77 So. 612 (1917). This discretion should be exercised in light of the facts of the case and the probative value of the contested evidence as opposed to its prejudicial effect.
As stated in the leading treatise on the law of evidence in Alabama:
 "The courts of this state adhere rather uniformly to the rule that the admissibility of evidence regarding the speed of a motor vehicle before reaching the scene of the accident depends upon the facts of each case and must be left to the sound discretion of the trial court. This discretion, of course, is not without direction. The job for the trial court is to look at the speed or conduct prior to the accident and to determine if there is a high probability that it continued up until the accident.
The issue is whether the prior moment of speeding is too remote to permit an inference that substantially the same rate of speed was probably maintained up to the time of the accident in question. . . ."
C. Gamble, McElroy's Alabama Evidence (3d ed. 1977), § 45.04 (citations omitted; emphasis added).
It is clear that a ruling on admissibility of evidence regarding pre-accident speed requires consideration of the particular facts of the case and should be determined within the sound discretion of the trial court. However, considering the evidence in the record before us, there is an extremely high probability that the Brown car was continuing the high speed chase of the Whatley car when it wrecked.
The trial court's order granting the motion in limine too broadly precludes the county from presenting any of the evidence alluded to above, much less any other evidence, such as testimony of Goss, who was not deposed. We note that the depositions of Whatley, Lillard, and Palmer were taken before the county was added as a defendant in Ponce and Deal's actions or sued by Brown. Even aside from the fact that the trial court's order hampers the county's ability to develop its case, the order prohibits inquiry into facts which may very well be admissible. The boys in the Whatley car might have a reasonable estimate of the speed of the Brown car as it approached the curve, on the basis of their own speed, the distance maintained by the Brown car as *Page 1271 
they approached the curve, and how far they were from the curve when they saw the headlights in the trees. Evidence of the course of conduct of the occupants of the Brown car may even be admissible to provide an inference of the continuation of that conduct. Finally, some of the evidence may be admissible for cross-examination or the county's defense of assumption of risk.
In some cases a motion in limine is a proper vehicle for preventing a jury from hearing prejudicial evidence. See, e.g.,Acklin v. Bramm, 374 So.2d 1348 (Ala. 1979); Louisville andNashville Railroad Co. v. Phillips, 293 Ala. 713, 310 So.2d 194
(1975); C. Gamble, The Motion in Limine: A Pretrial ProcedureThat Has Come of Age, 33 Ala.L.Rev. 1 (1981).
Nevertheless, mandamus is an extraordinary remedy. "The petitioner's right to relief must be clear and there must be no other adequate remedy." Ex parte Harrington Manufacturing Co.,Inc., 414 So.2d 74, 76 (Ala. 1982); Ex parte Osborn,375 So.2d 467 (Ala. 1979); Campbell v. City of Hueytown, 289 Ala. 388,268 So.2d 3 (1972); All American Life Casualty Co. v. Moore,286 Ala. 492, 242 So.2d 661 (1970). Mandamus is not a substitute for an appeal. Ex parte South Carolina InsuranceCo., 412 So.2d 269 (Ala. 1982); Echols v. Housing Authority ofAuburn, 377 So.2d 952 (Ala. 1979); Miller v. Holder, 292 Ala. 554, 297 So.2d 802 (1974).
In some cases an order granting a motion in limine is not absolute, but only preliminary, and the non-moving party may offer the disputed evidence at trial and, if the other party objects and the court sustains the objection, the party offering the evidence may appeal from this ruling. See C. Gamble, The Motion in Limine, supra, 33 Ala.L.Rev. at 16. The order entered below appears to be of the preliminary sort allowing offers at trial, because it ends with the words "without further order of this Court."
In view of what we have said, we deem it appropriate for the trial court to reconsider the order granting the motion in limine. However, we are not inclined to issue the writ of mandamus in this discretionary area of evidence when the county has a remedy by appeal.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.