521 So.2d 1312 (1988)
Betty KELLER, Yon Keller, and Lillian Davis
v.
GOODYEAR TIRE AND RUBBER COMPANY.
86-744.
Supreme Court of Alabama.
March 4, 1988.
Barre C. Dumas, Mobile, for appellants.
Paul W. Brock and Helen Johnson Alford of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.
SHORES, Justice.
This is an appeal from a final judgment entered pursuant to a jury verdict in favor of the defendant, Goodyear Tire and Rubber Company. The appellants present two issues for review: first, whether the trial court erred in granting Goodyear's motion *1313 in limine (which restrained the plaintiffs from introducing certain evidence) and in subsequently rejecting proof at trial which was the basis of the ruling; and, second, whether the trial court erred in granting directed verdicts on the plaintiffs' warranty claims. Plaintiffs concede that if the trial court did not err with respect to the exclusion of evidence, then the warranty claims must fail.
The facts, viewed most favorably for the plaintiffs, are as follows: In November 1976, Mr. Keller purchased an automobile that had been driven 9,400 miles. The car was equipped with Goodyear tires. Over some months in 1981 and 1982, Mr. Keller had two of the tires replaced on a prorated basis, pursuant to a 40,000 mile warranty. A third tire was also replaced before the occurrence of the event now sued upon. On August 12, 1982, the fourth tire failed as the plaintiffs were traveling on the highway, causing the car to leave the road. The resultant injuries were the basis for this suit.
The plaintiffs sought damages under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), breach of express warranty, and breach of implied warranties of merchantability and fitness for a particular purpose. The court entered directed verdicts in favor of the defendant with respect to the warranty claims, but the case proceeded under the AEMLD claim, and the jury returned a verdict in favor of the defendant.
Goodyear filed several motions in limine, one of which was granted. That motion sought to prohibit the plaintiffs from presenting evidence that two or more of the tires on the car, other than the subject tire, had failed in any manner. The wording of the motion in limine was to the effect that plaintiffs could not raise the issue "without first securing the prior permission of the Court." Plaintiffs objected to the court's granting the motion, and made a showing of proof, at the end of which the trial court repeated its ruling.
The defendant asserts that the court gave only a preliminary ruling, and that the plaintiffs failed to preserve the issue for appellate review by not attempting to introduce the evidence at trial.
Dean Gamble points out that there are at least two forms that motions in limine might take: "prohibitive absolute" and "prohibitive preliminary." He describes this latter form as "merely prohibit[ing] the opponent from offering, questioning about, or mentioning the evidence without first obtaining the permission of the judge outside the hearing of the jury." C. Gamble, McElroy's Alabama Evidence 426.01(21) (3d ed. 1977). It is precisely this type of order that the defendant contends was issued by the trial judge.
This Court has expressly recognized this distinction. In Ex parte Houston County, 435 So.2d 1268 (Ala.1983), it is stated:
"In some cases an order granting a motion in limine is not absolute, but only preliminary, and the non-moving party may offer the disputed evidence at trial and, if the other party objects and the court sustains the objection, the party offering the evidence may appeal from this ruling."
435 So.2d 1268, 1271.
In a more thorough treatment of the subject, Dean Gamble writes:
"[I]t is generally held that the granting of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the error for appeal. It is this refusal at trial to accept the proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error."
C. Gamble, The Motion In Limine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1, 16 (1981).[1]
*1314 There can be no doubt from the transcript, however, that the plaintiffs are not asking this Court to review the motion in limine, but rather seek review of an adverse ruling at trial. Here, the discussion of the trial court's ruling on the previously filed motion occurred at trial, prior to the presentation of evidence, and outside the hearing of the jury. When the plaintiffs' objection to the ruling was overruled, they asked for, and were granted, an opportunity to make a showing of proof. As a result, counsel placed one of the plaintiffs on the stand and questioned him at length about the failure of the three tires that were not the basis of this suit. The showing did not persuade the trial judge to change his ruling, but it did preserve the issue for appellate review.
Having determined the appropriateness of our review of this issue, we must next determine whether the exclusion of the proffered evidence constituted reversible error.
The general rule with respect to this type of evidence is:
"On an issue of whether a place or thing was safe or dangerous at the time of the accident in question, evidence of the occurrence or non-occurrence of accidents to others at other times, in the use of such place or thing, is admissible if the condition of the place or thing at such other times was substantially the same as the condition existing at the time of the accident in suit."
C. Gamble, McElroy's Alabama Evidence 83.01(1) (3d ed. 1977). See, General Motors Corp. v. Van Marter, 447 So.2d 1291 (Ala.1984); and, more generally, Sears, Roebuck & Co. v. Haven Hills Farm, Inc., 395 So.2d 991 (Ala.1981).
In the plaintiffs' showing of proof, there was no indication that the failure of the other tires over a period of six years from the date of the purchase of the car occurred under substantially similar circumstances, or that the failures were identical in nature. Proof of those failures would not aid in determining the reason for the failure of the tire made the basis of this action. Therefore, we hold that the exclusion of this evidence was not error. Because the trial court properly excluded the evidence of prior tire failures, we need not address the second issue raised by the appellants; their failure to provide evidence of the nature of the tire failure constituted also a failure to prove the existence of a defect in the product. The judgment of the trial court is, therefore, due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ADAMS and STEAGALL, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I have reviewed the "showing" proffered in connection with plaintiffs' attempt to admit evidence of the failure of the other three tires. I agree that this "showing" is lacking in several material respects. While it does show, at least circumstantially, that all four tires came with the car upon original purchase, it does not show that the circumstances (e.g., place, condition, nature of defect, etc.) of each prior failure were sufficiently similar to those of the failure of the subject tire. For this reason, the trial court is not to be held in error for rejecting the admission of evidence relating to the prior failures.
NOTES
[1] It is obvious that Dean Gamble here was referring to preliminary motions, and not absolute motions in limine.