MADDOX, Justice
(concurring in the result in part; dissenting in part).
I concur in the result reached in the majority’s opinion insofar as it denies the writ of mandamus as to three of the four plaintiffs who petitioned this Court for the writ of mandamus, but I must disagree with the majority insofar as it grants the petition for the fourth plaintiff, B.L.H.
This Court has stated many times that the writ of mandamus is an extraordinary remedy and requires a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 890 (Ala.1991); see also, Martin v. Loeb & Co., 349 So.2d 9 (Ala.1977); Ex parte Slade, 382 So.2d 1127 (Ala.1980); Ex parte Houston County, 435 So.2d 1268 (Ala.1983); Ex parte Johnson, 638 So.2d 772 (Ala.1994).
Also, it is well settled that “[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.” Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990) (emphasis added).
B.L.H. failed to show in her petition that she possessed “a clear legal right” to the order she sought or that the trial court abused its discretion in severing her case and transferring it to the Montgomery County Circuit Court. Therefore, I must respectfully dissent.