WRIGHT, Presiding Judge.
This is an employee termination case.
Johnny Lee Cox, Jr. was employed by the City of Satsuma as a truckdriver for the Sanitation Department. Employee was dismissed on August 30, 1985, after a pre-dis-ciplinary hearing. The dismissal was appealed to the Mobile County Personnel Board (Board). A hearing was held and on October 15, 1985, the Board ordered that the action of dismissal imposed by the City should be set aside and held for naught. The Board also ordered that employee be restored to active duty, with all back pay from date of dismissal forward. The City appealed the Board’s order to the Circuit Court of Mobile County pursuant to Section 34 of Local Act 470. In July 1986, the circuit court vacated the Board’s order and held that the City’s termination of employee was lawful, proper and reasonable. The Board appeals the decision of the circuit court and we affirm.
The appellant contends that the circuit court incorrectly applied the standard when reviewing the order of the Board. The proper standard to be applied by the circuit court to the Board’s order is whether the Board’s judgment is supported by substantial legal evidence. City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985). This standard also applies to this court in appellate review. Johnson v. Mobile County Personnel Board, 459 So.2d 923 (Ala.Civ.App.1984). We have reviewed the record of the Board to determine whether the Board’s decision is supported by substantial evidence and affirm the trial court in finding that it is not.
The employee was terminated due to excessive garnishment of his wages. Specifically, he was terminated for violation of Rule 14.2(e) of the Rules and Regulations of the Mobile County Personnel Board. Rule 14.2 provides as follows:
“The tenure of every employee hereunder shall be during good behavior and the rendering of efficient service, but any employee may be dismissed or suspended for cause. The following are among the causes which shall be sufficient for dismissal or suspension: (a) absence without leave; (b) the commitment of any criminal act; (c) conduct unbecoming an employee in the public service; (d) disorderly or immoral conduct; (e) failure to pay or make proper provision for the liquidation of just debts; (f) incapacity due to mental or physical disability, except as hereinafter noted; (g) incompetency or inefficiency; (h) insubordination; (i) intoxication while on duty or public intoxication while off duty; (¡) neglect of duty; (k) negligence or wilful damage to public property or waste of public supplies or equipment; (l) violation of any lawful or reasonable regulations or order made and given by a superior officer; (m) wilful violation of any of the provisions of the Act or these Rules.” (Emphasis added.)
The record reveals that the employee had three writs of garnishment issued against him and served on the City of Satsuma as garnishee. There was testimony that the City has a policy requiring dismissal under Rule 14.2(e) when an employee’s wages are garnished twice. Appellant contends, and the Board found that in this instance there had been no violation of Rule 14.2(e) because employer had actually withheld wages from employee pursuant to only one garnishment. However, the City Clerk of Satsuma testified that the number of garnishments is considered as evidence of a post-judgment debt to aid in determining whether Rule 14.2(e) has been violated. The City received three notices of garnishment for three different and separate debts, and presumably answered each as required by law. § 6-6-450, Code of Alabama 1975. These notices were sufficient *4 to show that the employee had violated Rule 14.2(e). The City, in its dismissal of employee, was following the rules of the Mobile County Personnel Board. Thus, the action of the Board in overturning the dismissal was unlawful and not supported by substantial evidence.
We find no merit in the appellant’s contention that dismissal of the employee constituted a violation of the Consumer Credit Protection Act, as no private right of action exists under the provisions of that act. Consumer Credit Protection Act, § 304(a); 15 U.S.C.A. § 1674(a). Smith v. Cotton Brothers Baking Co., 609 F.2d 738 (5th Cir.1979). The proper authority of the City of Satsuma should perhaps note that dismissal of an employee because of garnishment is prohibited by the Consumer Credit Protection Act. However, the enforcement of such act lies with the Secretary of Labor, with designated penalty.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.