THIGPEN, Judge.
This is an unemployment compensation case.
Charles Sargent was employed by the Mobile Housing Board (Mobile) as a grounds maintenance worker. He was discharged in July 1990, for having three wage garnishments against his pay. The policy of Mobile is to terminate a worker’s employment upon the third wage garnishment. The first two garnishments were issued by a local hospital, and the third garnishment was filed by the Internal Revenue Service to recover back taxes.
Upon Sargent’s employment termination, he applied for unemployment compensation benefits. Sargent was denied these benefits because he had been discharged for “violation of employer policy regarding excessive garnishment,” and Sargent was therefore discharged from his job for misconduct. Pursuant to Ala.Code 1975, § 25-4-78(3)(b), persons discharged from their jobs because of misconduct are denied unemployment compensation benefits. An unemployment compensation appeals referee upheld the denial of Sargent’s benefits, and the Department of Industrial Relations’ Board of Appeals (Board) affirmed. The trial court upheld the Board’s decision regarding Sargent’s discharge for misconduct, and his ineligibility for unemployment compensation benefits. Sargent appeals.
On appeal, Sargent contends that a wage garnishment is not work-related “misconduct” as stated in Ala.Code 1975, § 25^L-78(3)(b). Sargent also states that Mobile did not follow its own published guidelines in meting out its punishment.
Here, evidence was submitted to the trial court without oral testimony and the facts are undisputed; therefore, the appellate court reviews the evidence without any presumption of correctness of the trial court’s ruling. Phillips v. Knight, 559 So.2d 564 (Ala.1990). Mobile, by its own policy, had the authority to terminate Sargent’s employment following three wage garnishments. See Mobile County Personnel Board v. City of Satsuma, 513 So.2d 2 (Ala.Civ.App.1987). Both parties have favored us with excellent briefs, citing the holdings in other jurisdictions, which are divided on this issue.
*1008 This court has recognized that misconduct is, among other things, “a disregard of standards of behavior which the employer has the right to expect of his employee.” Henley v. Housing Authority for City of Montgomery, 403 So.2d 265, 270 (Ala.Civ.App.1981), quoting 76 Am.Jur.2d 945 Unemployment Compensation § 52. Further, we have held that “[w]hile the failure of an employee to comply with an employment rule or practice is not a failure to comply with the unemployment compensation act, if the rule is reasonable and no excuse is shown for not following it, the failure to comply may be evidence of a willful disregard of the consequences.” Had-ley v. Director of Department of Industrial Relations, 473 So.2d 519, 520 (Ala.Civ.App.1985).
The policy of Mobile regarding termination for excessive wage garnishments is reasonable. Mobile County Personnel Board, supra. The record reveals that Sargent was aware of the policy regarding employment termination for three wage garnishments. The record also reveals that Sargent was counselled and warned of his status regarding wage garnishments, and that he subsequently received a third garnishment, which could have been anticipated. Under these circumstances, we find that Sargent’s dismissal was for “work-related misconduct” within the meaning of Ala.Code 1975, § 25-4-78(3)(b).
Sargent’s last contention, that Mobile did not follow its own guidelines in disciplining him, is without merit. The written policy of Mobile provides for a one-day suspension for the first garnishment, a one-week suspension for the second garnishment, and employment termination for the third garnishment. Sargent received no punishment following his first garnishment, and he received a one-day suspension following the second garnishment. He was given notice, however, that another garnishment would result in his employment termination. Moreover, any failure of Mobile to follow its own guidelines worked to Sargent’s advantage in that he received less punishment than the guidelines recommended.
Therefore, we find that Sargent was discharged for work-related misconduct pursuant to Ala.Code 1975, § 25^L-78(3)(b), and that he is ineligible for unemployment compensation benefits. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.