PER CURIAM.
This petition for certiorari review presents the question of whether an employee who has violated an employer’s rule against receiving three garnishments has necessarily engaged in “misconduct committed in connection with his work.” AIa.Code 1975, § 25^1-78(3)b. If violation of such a rule is necessarily misconduct committed in connection with his work, then the discharge of the employee for violating the rule disqualifies him for unemployment compensation. Id.
Disqualification provisions in the Unemployment Compensation Act should be narrowly construed. Ex parte Flowers, 435 So.2d 76, 78 (Ala.1983); Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970).
The Nebraska Supreme Court has held that such conduct is not misconduct connected with the employee’s work:
“We hold that the conduct of an employee in so acting as to create a situation where garnishments are filed with his or her employer is not ‘misconduct connected with his or her work.’ Suffering repeated garnishments is not generally such misconduct as to disqualify a discharged employee from receiving unemployment compensation benefits. Individual financial reverses may well be the result of a person’s inability to cope with the system in which that person is trying to make a living. Bankruptcies, both personal and corporate, are almost a way of life in our society. To deprive a debtor of the right to unemployment benefits for a limited time, where the unemployment results from his position as a debtor unable to pay his bills, would be to defeat the purpose of the Nebraska Employment Security Law. The ‘Employment Security Law is to be liberally construed in order that its beneficent purpose of paying benefits to involuntarily unemployed workers may be accomplished.’ Sorensen v. Meyer, 220 Neb. 457, 462, 370 N.W.2d 173, 177 (1985).
“In so holding, the court does not say a company rule against garnishments is unreasonable for all purposes. Such a rule may govern whether or not an employee is retained in employment. A violation of the rule may warrant termination of employment, but the resulting discharge cannot be considered to be for misconduct con- *1010 neeted with one’s work in determining the right to receive unemployment compensation benefits. Unemployment benefits to aid individuals in financial difficulties should not punish them for being in that condition. A violation of a garnishment policy may warrant termination but cannot operate so as to result in disqualification from receiving unemployment benefits.
“In so holding, we agree with the holding of the Supreme Court of Michigan in Reed v. Employ. Security Comm., 364 Mich. 395, 397, 110 N.W.2d 907, 908 (1961), where that court stated:
“ ‘Garnishment of plaintiffs wages may well have been a nuisance to defendant company. Many acts of an employee might meet with the displeasure or disapproval of an employer and be prohibited by rule by him. Breach of such rule might, in a sense, be considered misconduct warranting discharge from employment. Unless the rule and its violation bear some reasonable application and relation of the employee’s task, can the breach be said to be misconduct within the disqualifying language of section 29(l)(a)(2) of the statute? The purpose of the act is to benefit unemployed in financial straits, not to penalize them for being in that condition. We do not believe that the language of the statute discloses or its purpose permits reading into it a legislative intent to stamp the conduct here involved as misconduct within the meaning of the cited section.’
“See, also, Chalker v. First Federal Savings and Loan Ass’n, 126 N.E.2d 475 (Ohio Ct. of Common Pleas 1955); Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963).”
Great Plains Container Co. v. Hiatt, 225 Neb. 558, 562, 407 N.W.2d 166,169-70 (1987). See Annot., “Harassment or Garnishment by Employee’s Creditor as Constituting Misconduct Connected with Employment so as to Disqualify Employee for Unemployment Compensation,” 86 A.L.R.2d 1013 (1962).
While we agree with much of the reasoning of the Supreme Court of Nebraska in Great Plains Container and that of the Supreme Court of Michigan in Reed v. Michigan Employment Security Comm’n, 364 Mich. 395, 110 N.W.2d 907 (1961), we do not agree with those courts that, as a matter of law, repeated garnishments cannot constitute misconduct in connection with the employee’s work.
If the employee’s conduct is particularly egregious, see Mississippi Employment Sec. Comm’n v. Borden, Inc., 451 So.2d 222 (Miss.1984), and if he can show no mitigation, Branch v. Virginia Employment Comm’n, 219 Va. 609, 249 S.E.2d 180 (1978), a finding of work-related misconduct might be proper. The Supreme Court of Virginia made the following statement:
“We are of the opinion that the conduct of an employee which results in garnishment is conduct connected with his work and where, as here, such conduct is recurrent, knowingly violative of a company rule, and unexcused by mitigating circumstances, it constitutes misconduct within the intendment of the statute.”
219 Va. at 612, 249 S.E.2d at 183 (footnote omitted).
Sargent’s conduct was not egregious, and at least as to the first two garnishments, he presented evidence of mitigating circumstances, specifically, evidence that he had voluntarily undertaken to pay for his son’s hospital expenses. From the record before us, it appears that the administrative officers and the circuit court treated the violation of the rule against three garnishments as being per se “misconduct committed in connection with his work.”[1] Therefore, we reverse the judgment of the Court of Civil Appeals and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
*1011 HORNSBY, C.J., and ALMON,* SHORES, ADAMS, HOUSTON and KENNEDY,* JJ., concur.

. Of course, we are concerned only with the question of whether Sargent is disqualified from receiving unemployment compensation, not with the question of whether the Housing Board could lawfully terminate his employment. See Mobile *1011 County Personnel Board v. City of Satsuma, 513 So.2d 2 (Ala.Civ.App.1987).