901 So.2d 671 (2004)
Ex parte SYSCO FOOD SERVICES OF JACKSON, LLC, and Sysco Corporation.
(In re Jack Trenny Woodham et al.
v.
Sysco Food Services of Jackson, LLC, et al.).
1031409.
Supreme Court of Alabama.
September 24, 2004.
Rehearing Denied November 16, 2004.
*672 Edward A. "Ted" Hosp and C.C. Torbert of Maynard, Cooper & Gale, P.C., Montgomery; Jeffrey A. Walker of Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Jackson, Mississippi; and Broox G. Holmes, Jr., of Edward B. McDonough, Jr., P.C., Mobile, for petitioners.
W. Lloyd Copeland and Richard H. Taylor of Taylor/Martino, P.C., Mobile, for respondents.
STUART, Justice.
The petitioners, Sysco Food Services of Jackson, LLC, and Sysco Corporation (hereinafter collectively referred to as "Sysco"), the defendants in a retaliatory-discharge action pending in the Mobile Circuit Court, petitioned for a writ of mandamus directing Judge Herman Thomas to vacate his order granting the motion in limine filed by the plaintiff Edward Calvert seeking to exclude certain evidence. We deny the petition.

Facts and Procedural History
Edward Calvert was employed by Sysco as a driver of a truck delivering Sysco food-service products in the Mobile area. In October 2002, Calvert suffered a work-related back injury and filed a workers' *673 compensation claim. On November 20, 2002, Calvert delivered food-service products in Gulf Shores. One of his deliveries was to Zeke's Landing restaurant; after he made that delivery he drove off his delivery route and went to the Flora-Bama lounge to purchase Florida lottery tickets. Calvert's action violated Sysco's policy that a driver not deviate from his delivery route without permission from a supervisor. Calvert's supervisor later learned about Calvert's off-route trip and questioned Calvert; the supervisor questioned Calvert about entries in his log and "Tripmaster" for that day, which indicated that he had made deliveries to Zeke's Landing at 1:05 p.m. and again at 1:18 p.m. Calvert eventually admitted to making the off-route trip to the Flora-Bama. Calvert, however, maintained that the trip occurred on his 30-minute lunch break and that Sysco permitted drivers to go off-route during their lunch break without securing a supervisor's prior permission. On December 19, 2002, Calvert was discharged from employment with Sysco.
Calvert sought unemployment-compensation benefits. The Alabama Department of Industrial Relations, citing § 25-4-78(3)(c), Ala.Code 1975, found that Calvert was ineligible for benefits because it concluded that Calvert's varying from his established delivery route to purchase lottery tickets constituted misconduct. Calvert appealed this determination to an administrative hearing officer. The administrative hearing officer likewise found that Calvert was ineligible for unemployment benefits because he had committed a dishonest or criminal act in connection with his work, see § 25-4-78(3)(a), Ala.Code 1975, by lying to his supervisor about going off-route. Calvert appealed the hearing officer's decision to the circuit court.
At trial, Sysco intervened; it argued that Calvert had been discharged for committing a dishonest act in connection with his work. The trial court disagreed. Its order stated, in pertinent part:
"Mr. Calvert is eligible for full benefits under Ala.Code 1975[,] § 25-4-77, in that he did file a claim for each week's benefits; did register for work at, and thereafter continued to report to, the State Employment Office; and that he was able to work and was available for work pursuant to § 25-4-77.
"The Court is reasonably satisfied from the evidence that [Calvert] did not commit any dishonest or criminal acts in connection with his work as alleged by the Department [of Industrial Relations] and/or his employer Sysco.
"The Court is reasonably satisfied from the evidence that the Plaintiff, Edward Calvert, was not terminated for committing any dishonest or criminal act in connection with his work as alleged by the Department and/or Sysco.
"The Court is reasonably satisfied from the evidence that the Plaintiff, Edward Calvert, is not disqualified or ineligible for benefits under Ala.Code 1975[,] § 25-4-78(3)(a)....
"The Court specifically finds that the Plaintiff, Edward Calvert, has carried his burden of proof herein."
Calvert and Jack Trenny Woodham filed a retaliatory-discharge action against Sysco, alleging that Sysco discharged them solely because they had filed a claim to recover workers' compensation benefits. Calvert filed a motion in limine seeking to prevent Sysco from arguing or introducing any evidence indicating that Calvert had committed any dishonest or criminal acts in connection with his work and any evidence indicating that he had allegedly been discharged for committing a dishonest or criminal act in connection with his work. *674 Specifically, Calvert sought to prevent Sysco from presenting evidence indicating that he had been discharged for lying to his supervisor about going off-route or for falsifying his transportation log. The trial court granted Calvert's motion in limine, and Sysco filed this petition for a writ of mandamus directing the trial court to vacate its order granting Calvert's motion.[1]

Standard of Review
"Mandamus is an extraordinary remedy and will be granted only where there is `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). This Court will not issue the writ of mandamus where the petitioner has `"full and adequate relief"' by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881))."
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003). Clearly, mandamus is not a substitute for appeal. Ex parte Houston County, 435 So.2d 1268 (Ala.1983).

Analysis
First, we must determine if mandamus is an appropriate remedy for Sysco, which contends that the trial court exceeded the scope of its discretion when it granted Calvert's motion in limine.
Sysco urges that because the trial court's grant of the motion in limine constituted an "absolute" order and this Court in Ex parte Burch, 730 So.2d 143, 146 (Ala.1999), recognized that a reasonable reading of Alabama precedent left unanswered the question whether an "absolute" order on a motion in limine is reviewable by a petition for a writ of mandamus, review of the trial court's order granting the motion in limine by a petition for a writ of mandamus is proper.
Both Sysco and Calvert agree that the trial court's order granting the motion in limine was "absolute"; this fact alone, however, does not entitle Sysco to mandamus relief. This Court has identified the difference between a preliminary and an absolute ruling on a motion in limine. With regard to a preliminary order on a motion in limine, this Court has stated: "In some cases an order granting a motion in limine is not absolute, but only preliminary, and the non-moving party may offer the disputed evidence at trial and, if the other party objects and the court sustains the objection, the party offering the evidence may appeal from this ruling." Ex parte Houston County, 435 So.2d at 1271. A prohibitive-absolute or unconditional granting of a motion in limine preserves the issue for review at the pretrial stage and eliminates the need for a specific objection at trial. See Bush v. Alabama Farm Bureau Mut. Cas. Ins. Co., 576 So.2d 175 (Ala.1991). Thus, whether an order granting a motion in limine is "absolute" or "preliminary" merely determines how the issue is preserved for review on direct appeal.
Alabama precedent has established that review of an order granting or denying a motion in limine is by appeal. See Ex parte Houston County, supra; Phelps v. Dempsey, 656 So.2d 377 (Ala.1995); Evans v. Fruehauf Corp., 647 So.2d 718 (Ala.1994); and Simmons v. Peacock, 636 So.2d *675 452 (Ala.Civ.App.1994). Indeed, this Court has consistently held that it will not engage in interlocutory review of an order granting a motion in limine by way of a petition for a writ of mandamus in situations where significant issues remain to be tried. Sysco, however, quoting Ocwen Federal Bank, argues that mandamus relief is appropriate in this case because, it says, the trial court's order "`effectively preclud[es] a decision on the merits ... so that ... the outcome has been all but determined, and the petitioner would be merely going through the motion of a trial to obtain an appeal.'" Ocwen Federal Bank, 872 So.2d at 813-14.
In a retaliatory-discharge action, the employee must present substantial evidence indicating that he was terminated solely for seeking workers' compensation benefits. Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442 (Ala.1999). Here, the trial court's granting of the motion in limine precludes Sysco only from presenting evidence that it discharged Calvert for committing dishonest or criminal acts in connection with his work. Specifically, the order prevents the admission of evidence indicating that Sysco discharged Calvert for lying to his supervisor about going off-route on November 20, 2002, or for falsifying his transportation log for that day.
At Calvert's trial on his claim seeking unemployment benefits, the trial court found not only that Calvert had not committed any dishonest or criminal acts, but also that "Edward Calvert[] was not terminated for committing any dishonest or criminal act in connection with his work as alleged by the Department [of Industrial Relations] and/or Sysco." Consequently, Sysco is precluded from offering any evidence indicating that it terminated Calvert's employment based upon its belief that Calvert had committed a dishonest or criminal act. The trial court, however, made no finding as to whether other conduct that could not be characterized as "dishonest or criminal" formed a basis for Sysco's decision to terminate. Therefore, Sysco is not prevented from offering evidence to support its contention that its decision to terminate Calvert's employment was not based solely on his having filed a workers' compensation claim. As Sysco argues in its petition:
"[I]t is entirely possible that an employee could be eligible for unemployment benefits even though the employee was discharged for reasons other than retaliation  poor performance, [poor] attendance, or misconduct that justifies termination but does not satisfy the standards in Alabama's unemployment compensation statutes. If any of these reasons motivated Sysco's decision to terminate Calvert, then his retaliation claim must fail."
Because Sysco can present evidence indicating that the termination of Calvert's employment was causally related to his poor performance, poor work attendance, or other misconduct arising from the November 20 incident or other incidents that might justify termination, the trial court's favorable ruling on Calvert's motion in limine does not result in Sysco's "merely going through the motions of a trial to obtain an appeal." Ocwen Federal Bank, 872 So.2d at 814.
Additionally, we note that Sysco has not stipulated that the reasons for discharging Calvert that were litigated in the unemployment-benefits trial were its only reasons for discharging Calvert. Therefore, despite Sysco's contention, the outcome of the trial in the retaliatory-discharge action has not all but been determined; although the trial court's ruling on the motion in limine prevents Sysco from presenting evidence indicating that Calvert was discharged for committing a dishonest or *676 criminal act addressed in the unemployment-benefits trial, Sysco may still present evidence of other reasons it had, if any, for discharging Calvert. Thus, Sysco is not effectively precluded from a decision on the merits, and if Sysco so desires after the trial in the retaliatory-discharge action, it can appeal the propriety of the trial court's order granting the motion in limine. Consequently, appeal, not a petition for a writ of mandamus, is the proper forum for review of that order.

Conclusion
Sysco has not shown that it lacks another adequate remedy; therefore, Sysco's petition is denied.
PETITION DENIED.
HOUSTON, LYONS, BROWN, JOHNSTONE, and HARWOOD, JJ., concur.
WOODALL, J., concurs in the result.
NABERS, C.J., and SEE, J., dissent.
SEE, Justice (dissenting).
Edward Calvert drove a delivery truck for Sysco Food Services of Jackson, LLC. Sysco says that it discharged Calvert because he allegedly deviated from his assigned delivery route (in order to purchase a lottery ticket) without the necessary permission of his supervisor, because he allegedly falsely denied that he had deviated from his route, and because he allegedly falsified his transportation log to conceal his detour. Following his discharge, Calvert sought unemployment-compensation benefits. The Alabama Department of Industrial Relations determined that Calvert was ineligible for benefits because he had been discharged as the result of misconduct connected with his employment. The administrative hearing officer upheld the Department's decision. Calvert appealed to the Mobile Circuit Court; that court held that Calvert was eligible for unemployment-compensation benefits, finding that Calvert did not commit "any dishonest or criminal acts in connection with his work."
Calvert later sued Sysco under Ala.Code 1975, § 25-5-11.1, claiming that Sysco had discharged him in retaliation for his filing of a workers' compensation claim a month before the alleged incident in which he deviated from his delivery route without permission. To prove his retaliatory-discharge claim, Calvert must present evidence indicating that he "was terminated solely because [he] had instituted or maintained an action against [Sysco] to obtain workers' compensation benefits." Tyson Foods, Inc. v. McCollum, 881 So.2d 976, 982 (Ala.2003). The trial court in this retaliatory-discharge case has precluded Sysco from offering evidence indicating that it discharged Calvert because of the alleged lottery-ticket detour and the related alleged dishonest acts. Sysco seeks mandamus review of the trial court's order granting Calvert's motion in limine.
The main opinion holds that mandamus relief is not appropriate because Sysco has an adequate remedy by appeal in that "Sysco may still present evidence of other reasons it had, if any, for discharging Calvert." 901 So.2d at 676. We have held that review by appeal may be inadequate when
"the trial court's order either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal."
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813-14 (Ala.2003).
Sysco maintains that it "made the decision to terminate [Calvert] for (1) his decision to venture off-route, a violation of *677 clear Sysco policy; and (2) his dishonesty to his supervisor by falsely denying that he ventured off-route while on company time."[2] Although Calvert argues that Sysco is not entitled to mandamus review, he states in his brief in opposition to Sysco's petition for the writ of mandamus that Sysco representatives "testified in depositions in this case that there were no other reasons [other than Calvert's lying to his supervisor about going off-route and falsifying his transportation log] for Calvert's termination" and that Sysco "will be subject to impeachment" if it attempts to offer any other reasons for Calvert's discharge. (Emphasis in original.)
Calvert established in his unemployment-compensation case that he did not commit the dishonest or criminal acts of which he was accused, and for the purposes of this retaliatory-discharge action that factual finding has been established. Thus, Sysco is precluded from arguing that it terminated Calvert because he engaged in the conduct of which Sysco accused him. Sysco may still assert that at the time it discharged Calvert Sysco believed in good faith that Calvert had committed those dishonest or criminal acts, and that, therefore, Sysco did not discharge Calvert "solely because [he] had instituted or maintained an action against [Sysco] to obtain workers' compensation benefits." Tyson Foods, 881 So.2d at 978. However, if Sysco is precluded from offering in this retaliatory-discharge action the evidence that formed the basis of its belief that Calvert had deviated from his delivery route without permission, that he had lied to his supervisor about it, and that he had falsified his transportation logthe only reasons it asserts for having discharged Calvertthe case has been "all but determined." Therefore, pursuant to Ocwen, review by appeal is inadequate and mandamus relief is appropriate.
For the foregoing reasons, I would grant the petition for the writ of mandamus and instruct the trial court to limit its order accordingly.
NABERS, C.J., concurs.
NOTES
[1] Sysco also moved for permission to appeal the trial court's order pursuant to Rule 5, Ala. R.App. P.; the trial court denied that request.
[2] The main opinion quotes the following language from Sysco's petition:

"`[I]t is entirely possible that an employee could be eligible for unemployment benefits even though the employee was discharged for reasons other than retaliation-poor performance, [poor] attendance, or misconduct that justifies termination but does not satisfy the standards in Alabama's unemployment compensation statutes.'"
901 So.2d at 675. Sysco then argues in its petition that the trial court's order will prohibit the introduction of evidence on the factors of poor performance, attendance, or misconduct. While this language may suggest that Sysco has such evidence that it could present, I do not understand Sysco to be stating that, contrary to what it has earlier argued, it really discharged Calvert for poor performance, poor attendance, or misconductalthough such behavior on Calvert's part may have put him in a position where this additional alleged act was sufficient to merit Calvert's termination. The quoted language is preceded in Sysco's petition by the following language that makes clear, I believe, that Sysco is speaking hypothetically:
"Collateral estoppel clearly applied in this scenarioif one tribunal found that the employee was discharged for workplace misconduct, it would be inconsistent for another tribunal to find that the employee was discharged solely for filing a workers' compensation claim. However, the opposite is not true it is entirely possible that an employee could be eligible for unemployment benefits even though the employee was discharged for reasons other than retaliationpoor performance, [poor] attendance, or misconduct that justifies termination but does not satisfy the standards in Alabama's unemployment compensation statutes."
(Emphasis added.)