PER CURIAM.
 

 On November 17, 2006, the Jefferson County grand jury indicted Janet King for two instances of violating “The Woman’s Right to Know Act.” Specifically, the indictments allege that King,
 

 “not being a physician as defined in Section 26-23A-3(7) of the Code of Alabama, did intentionally, knowingly or recklessly perform an abortion on a woman ... in violation of Section 26-23A-7 of the Code of Alabama.”
 

 Section 26-23A-7, Ala.Code 1975, provides: “Only a physician may perform an abortion.” Section 26-23A-9(a), Ala.Code 1975, provides: “Any person who intentionally, knowingly, or recklessly violates this chapter is guilty on a first offense of a Class B misdemeanor, on a second offense of a Class A misdemeanor, and on a third or subsequent offense of a Class C felony.”
 

 It appears from the record that King, who is a certified registered-nurse practitioner, was involved in the prescription and/or administration of medication that caused two women to have medical, or medicine induced, abortions. Her defense appears to be that she was allowed to be involved in the prescription and/or administration of such medication under a collaborative agreement with Dr. Deborah Le-vieh at Summit Medical Center;
 
 [1]
 
 that she did not perform the abortions; that she simply followed the doctor’s protocols with
 
 *75
 
 regard to the prescription and/or administration of the medication; and that the doctor performed the abortions by supervising her actions.
 

 King filed a motion to dismiss, arguing that she “acted at all times under the supervision of the Medical Director who was a physician and that, therefore, [she] was permitted by law to do exactly what she is accused of doing in this case.” The State filed a motion in limine, seeking to prevent King from introducing evidence about the collaborative agreement during the trial. Specifically, it argued that such evidence was not relevant and would serve only to confuse the jury. The defense argued that such evidence was relevant because it supported King’s defense that she did not actually “perform” the abortions. After hearing arguments, the trial court denied the State’s motion in limine. Thereafter, the State filed a petition for a writ of mandamus, asking this court to compel the trial court to vacate its order denying the motion in limine. We ordered the respondents to answer the State’s allegations and stayed further proceedings in the trial court pending our disposition of this petition.
 

 Section 26-23A-7, Ala.Code 1975, clearly provides that only a physician may perform an abortion. A “[p]hysician” is defined as “[a]ny person licensed to practice medicine in this state. The term includes medical doctors and doctors of osteopathy.” § 26-23A-3(7), Ala.Code 1975. The issues in the case are whether what King, who is a certified registered-nurse practitioner, did constituted performing an abortion and, if so, whether she did so intentionally, knowingly, or recklessly. Whether or not she intentionally, knowingly, or recklessly violated § 26-23A-7, Ala. Code 1975, is irrelevant. Also, whether or not she had permission to do it, through a collaborative agreement with Levich, is not relevant.
 
 See §
 
 13A-2-6(b), Ala.Code 1975 (providing that “[a] person is not relieved of criminal liability for conduct because he engages in that conduct under a mistaken belief that it does not, as a matter of law, constitute an offense, unless his mistaken belief is founded upon an official statement of the law contained in a statute or the latest judicial decision of the highest state or federal court which has decided on the matter”). Therefore, evidence regarding the collaborative agreement is not relevant, would serve only to confuse the jury, and would not be admissible at trial.
 

 “ ‘Mandamus is an extraordinary remedy and will be granted only where there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991). This Court will not issue the writ of mandamus where the petitioner has ‘“full and adequate relief ” by appeal.
 
 State v. Cobb,
 
 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting
 
 State v. Williams,
 
 69 Ala. 311, 316 (1881)).’
 

 “Ex parte Ocwen Fed. Bank, FSB,
 
 872 So.2d 810, 813 (Ala.2003). Clearly, mandamus is not a substitute for appeal.
 
 Ex parte Houston County,
 
 435 So.2d 1268 (Ala.1983).”
 

 Ex parte Sysco Food Servs. of Jackson, LLC,
 
 901 So.2d 671, 674 (Ala.2004).
 

 “In some cases a motion in limine is a proper vehicle for preventing a jury
 
 *76
 
 from hearing prejudicial evidence. See, e.g.,
 
 Addin v. Bramm,
 
 374 So.2d 1348 (Ala.1979);
 
 Louisville and Nashville Railroad Co. v. Phillips,
 
 293 Ala. 713, 310 So.2d 194 (1975); C. Gamble,
 
 The Motion in Limine: A Pretrial Procedure That Has Come of Age,
 
 33 Ala. L.Rev. 1 (1981).
 

 “Nevertheless, mandamus is an extraordinary remedy. ‘The petitioner’s right to relief must be clear and there must be no other adequate remedy.’
 
 Ex parte Harrington Manufacturing Co., Inc.,
 
 414 So.2d 74, 76 (Ala.1982);
 
 Ex parte Osborn,
 
 375 So.2d 467 (Ala.1979);
 
 Campbell v. City of Hueytown,
 
 289 Ala. 388, 268 So.2d 3 (1972);
 
 All American Life & Casualty Co. v. Moore,
 
 286 Ala. 492, 242 So.2d 661 (1970). Mandamus is not a substitute for an appeal.
 
 Ex parte South Carolina Insurance Co.,
 
 412 So.2d 269 (Ala.1982);
 
 Echols v. Housing Authority of Auburn,
 
 377 So.2d 952 (Ala.1979);
 
 Miller v. Holder, 292
 
 Ala. 554, 297 So.2d 802 (1974).
 

 “In some cases an order granting a motion in limine is not absolute, but only preliminary, and the non-moving party may offer the disputed evidence at trial and, if the other party objects and the court sustains the objection, the party offering the evidence may appeal from this ruling. See C. Gamble,
 
 The Motion in Limine, supra,
 
 33 Ala. L.Rev. at 16. The order entered below appears to be of the preliminary sort allowing offers at trial, because it ends with the words ‘without further order of this Court.’
 

 “In view of what we have said, we deem it appropriate for the trial court to reconsider the order granting the motion in limine. However, we are not inclined to issue the writ of mandamus in this discretionary area of evidence when the county has a remedy by appeal.”
 

 Ex parte Houston County,
 
 435 So.2d 1268, 1271 (Ala.1983).
 

 For the reasons set forth above, we conclude that evidence regarding the collaborative agreement is not relevant, and the trial court should have granted the State’s motion in limine. Also, the defense affirmatively indicated that it would seek to introduce evidence about the collaborative agreement, and the trial court affirmatively indicated that it would admit such evidence. Therefore, the trial court’s ruling on the motion in limine was absolute, rather than preliminary or conditional.
 
 See Ex parte Burch,
 
 730 So.2d 143, 146 (Ala.1999) (noting that “[a] reasonable reading of
 
 Houston County
 
 might lead one to conclude that when a denial of a motion in limine is ‘preliminary,’ as the denial was in that case, then the only appropriate method of challenging that order is an appeal. That reading of the case would, however, leave unanswered the question whether an ‘absolute’ denial of a motion in limine might appropriately give rise to a mandamus petition.”). Finally, if King is convicted, the trial court’s ruling on the motion would be reviewable if she chooses to file a direct appeal. However, because the State has only a limited right to appeal, the trial court’s ruling on the motion in limine would not be reviewable on appeal by the State.
 
 Cf. Ex parte Sysco Food Servs. of Jackson, LLC,
 
 901 So.2d at 676 (noting that, “if Sysco so desires after the trial in the retaliatory-discharge action, it can appeal the propriety of the trial court’s order granting the motion in limine”);
 
 Ex parte Army Aviation Ctr. Fed. Credit Union, Mil
 
 So.2d 379 (Ala.1985) (denying a petition for a writ of mandamus because a ruling on the petitioner’s motion in limine would be reviewable on direct appeal). Under these specific circumstances, we grant the State’s petition for a writ of mandamus and order the trial court to grant the State’s motion in limine to ex-
 
 *77
 
 elude evidence regarding the collaborative agreement between King and Levich.
 

 PETITION GRANTED; WRIT ISSUED.
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur. SHAW, J., dissents.
 

 [1]
 

 . With regard to advance practice nursing, § 34-21-80, Ala.Code 1975, provides:
 

 "The Legislature of the State of Alabama declares that the recognition and regulation of all areas of advanced practice nursing and the collaborative practices between licensed physicians and certified registered nurse practitioners and certified nurse midwives are essential to protect and maintain the public health and safety.”
 

 Section 34-21-81(4), Ala.Code 1975, defines "[a]dvance practice nursing,” in part, as follows:
 

 “The delivery of health care services by registered nurses who have gained additional knowledge and skills through successful completion of an organized program of nursing education that prepares nurses for advanced practice roles as certified registered nurse practitioners ...:
 

 "a. Practice as a certified registered nurse practitioner (CRNP) means the performance of nursing skills by a registered nurse who has demonstrated by certification that he or she has advanced knowledge and skills in the delivery of nursing services within a health care system that provides for consultation, collaborative management, or referral as indicated by the health status of the client.”
 

 Section 34-21-81(5), Ala.Code 1975, defines ”[c]ollaboration” as follows:
 

 “A formal relationship between one or more certified registered nurse practitioners and certified nurse midwives and a physician or physicians under which these nurses may engage in advanced practice nursing as evidenced by written protocols approved in accordance with the requirements of this article or exempted in accordance with the requirements of this article. The term collaboration does not require direct, on-site supervision of the activities of a certified registered nurse practitioner or a certified nurse midwife by the collaborating physician. The term does require such professional oversight and direction as may be required by the rules and regulations of the State Board of Medical Examiners and the Board of Nursing.”
 

 Finally, § 34-21-86(a), Ala.Code 1975, provides:
 

 "Certified registered nurse practitioners and certified nurse midwives, engaged in collaborative practice with physicians practicing under protocols approved in the manner prescribed by this article may prescribe legend drugs to their patients, subject to both of the following conditions:
 

 "(1) The drug type, dosage, quantity prescribed, and number of refills shall be authorized in an approved protocol signed by the collaborating physician; and
 

 
 *75
 
 "(2) The drug shall be on the formulary recommended by the joint committee and adopted by the State Board of Medical Examiners and the Board of Nursing.”