BOLIN, Justice
(concurring specially).
I agree with the majority that GCC does not have a clear legal right to a writ of mandamus because GCC’s defense is not an affirmative defense and I am disinclined to expand mandamus review to a defense other than an affirmative defense. However, I write to address whether the administrative officer for the Department of Industrial Relations (“DIR”), in ultimately awarding Hurst unemployment compensation, in fact rejected GCC’s contention that Hurst’s employment was terminated because he left work without seeking medical attention after his accident. The relevant portion of DIR’s decision is as follows:

“Conclusions

“Section 25-4-78(3)(c)[, Ala.Code 1975,] provides for a disqualification if an individual is discharged from [his] most recent bona fide work for misconduct connected with work. ‘Misconduct’ is conduct evincing a deliberate, willful, or wanton disregard of an employer’s interests or of the standards of behavior which the employer has a right to expect of his employees. The preponderance of evidence shows [that Hurst] was discharged for violation of company policy when he refused to seek medical treatment after a fall at work and left the *835 premises without permission. [Hurst] denied the allegation that he refused to seek medical treatment or that he left the premises without permission. The employer bears the burden of proving misconduct indeed occurred. [GCC] has failed to provide sufficient evidence to show that [Hurst] committed misconduct. The evidence does not show a disregard of the employer’s interests!;] thus, no misconduct was committed. Therefore, [Hurst] is not subject to disqualification under this section of law.
“Section 25-4-77(a)(3)[, Ala.Code 1975,] provides that an individual be physically and mentally able to perform work of a character which he is qualified to perform by past training or experience, and he is available for such work. [Hurst] bears the burden of showing that he is meeting the availability requirements. The preponderance of evidence shows [Hurst] has failed to provide medical evidence of his ability to work. Therefore [Hurst] does not meet the availability requirements of this section of law.

“Decision

“The examiner’s determination is modified. The disqualification imposed under Section 25^á-78(3)(c) of the unemployment compensation law is removed and the reduction in the maximum amount of benefits payable is restored. [Hurst] is ineligible for benefits under the provisions of Section 25-4-77(a)(3) of the Law beginning July 15, 2007. This decision of ineligibility continues until [Hurst] adequately demonstrates to the local office that the availability requirements of the law are being satisfied. Upon such a showing [Hurst] may become entitled to benefits.”
(Emphasis added.) When the decision of the DIR administrative officer is read as a whole, it is apparent that the administrative officer did not reject GCC’s contention that Hurst’s employment was terminated because he left work without seeking medical attention after his accident. To the contrary, the decision unambiguously states that “[t]he preponderance of evidence shows [that Hurst] was discharged for violation of company policy when he refused to seek medical treatment after a fall at work and left the premises without permission.”
The confusion in this case apparently stems from the fact that, immediately after stating that Hurst’s employment was terminated because he violated company policy, the DIR administrative officer nevertheless concludes that Hurst’s actions did not rise to the level of “misconduct,” as that term is used in DIR proceedings, because, the officer concluded, in leaving work, Hurst did not “evincfe] a deliberate, willful, or wanton disregard of [his] employer’s interests.” This conclusion is consistent with the principle that every violation of company policy by an employee is not per se misconduct for purposes of § 25-4-78, Ala.Code 1975, a fact this Court has previously recognized in Ex parte Sargent, 634 So.2d 1008, 1010 (Ala.1993).
Importantly, however, the conclusion of the DIR administrative officer that Hurst was not guilty of misconduct was not tantamount to a conclusion that GCC had not terminated Hurst’s employment because he left work after his accident without seeking medical attention; rather, it was merely a conclusion that, even though he had done so, he was not guilty of “misconduct” as that term is used in DIR unemployment-compensation proceedings. Because DIR did not reject GCC’s argument that Hurst’s employment was terminated because he left work after his accident without first seeking medical attention, I *836 believe GCC is entitled to pursue that argument in defending itself from Hurst’s retaliatory-discharge claim.