SEE, Justice
(concurring in part and concurring in the result).
The main opinion concludes that GCC’s defense is not an affirmative defense and that, because it is not, the trial court’s order striking it is not reviewable by a petition for the writ of mandamus. See 14 So.3d at 834 (“Because GCC’s defense was not an affirmative defense, GCC does not have a clear legal right to the issuance of a writ of mandamus, and this Court must deny its petition for the writ.”). I agree that GCC’s defense is not an affirmative defense. I further agree that the petition for the writ of mandamus should be denied. I disagree, however, that this case turns on whether GCC’s defense is an affirmative defense. Therefore, I concur in the rationale in part and concur in the result.
However the parties choose to characterize GCC’s defense, the trial court’s order is, in its practical effect, a ruling on a motion in limine as to the admissibility of evidence. See Petition at Exhibit K (trial court’s order, stating: “Defense is precluded from offering evidence that [Hurst] would be fired for leaving work without permission and refusing medical treatment.”). As a general rule, an appeal, not a petition for the writ of mandamus, is the proper method by which to seek review of an order granting or denying a motion in limine. See Ex parte Sysco Food Servs. of Jackson, LLC, 901 So.2d 671, 674 (Ala.2004) (“Alabama precedent has established that review of an order granting or denying a motion in limine is by appeal.”).
The rule that the review of an order granting or denying a motion in limine is by appeal, however, does not appear to be absolute. In Ex parte Sysco, Sysco argued that mandamus relief was appropriate — -notwithstanding the general rule to the contrary — because, it argued, “the trial court’s order ‘ “effectively preclucl[es] a decision on the merits ... so that ... the outcome has been all but determined, and the petitioner would be merely going through the motion of a trial to obtain an appeal.” ’ ” 901 So.2d at 675 (quoting Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813-14 (Ala.2003)). The Court addressed Sysco’s argument, concluding:
“Therefore, despite Sysco’s contention, the outcome of the trial in the retaliatory-discharge action has not all but been determined; although the trial court’s ruling on the motion in limine prevents Sysco from presenting evidence indicating that [the employee] was discharged for committing a dishonest or criminal act addressed in the unemployment-benefits trial, Sysco may still present evidence of other reasons it had, if any, for discharging [the employee]. Thus, Sys-co is not effectively precluded from a decision on the merits, and if Sysco so desires after the trial in the retaliatory-discharge action, it can appeal the propriety of the trial court’s order granting the motion in limine. Consequently, appeal, not a petition for a writ of mandamus, is the proper forum for review of that order.”
901 So.2d at 675-76. This language indicates that Sysco would have been entitled to a writ of mandamus had it demonstrated that the trial court’s order effectively had all but determined the outcome of the trial and that it therefore would merely be going through the motions of a trial in order to obtain an appeal.[3] Such a result *837 would have been consistent with other decisions of this Court in which a preliminary ruling by the trial court, in effect, deprived a party of its opportunity to defend itself, that is, effectively denied it a meaningful trial. See Ex paite Oowen, 872 So.2d at 813-14 (noting that review by a petition for the writ of mandamus is appropriate in a discovery context “when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party’s entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal”).
In this case, GCC’s sole argument is that the trial court has wrongly denied its affirmative defense and, thus, that GCC is entitled to the writ of mandamus. It argues that, “GCC has no other adequate remedy at law, since its defense is premised upon the affirmative defense that Hurst was terminated for violation of company policy.” Petition, at 16-17. Thus, GCC argues that the trial court is wrong, but it does not argue that the trial court’s order effectively precludes a decision on the merits such that the outcome of the case has been all but determined, or that GCC will be merely going through the motions of a trial in order to obtain an appeal. GCC does not adopt the analysis of Sysco and argue that its situation is precisely one that this Court had identified as an exception to the general rule that review of a ruling on a motion in limine is not by mandamus. Instead, GCC attempts to distinguish Sysco from this case on the ground that this case, unlike Sysco, involves an affirmative defense. See GCC’s reply brief, at 5.
GCC has not argued that it is entitled to mandamus review because the trial court’s order effectively precludes a decision on the merits such that the outcome has been all but determined and that it will be merely going through the motions of a trial in order to obtain an appeal; neither has GCC demonstrated that this issue may be reviewed by a petition for the writ of mandamus. Therefore, I agree with the main opinion that the petition for the writ of mandamus should be denied.

. I dissented from the main opinion in Ex parte Sysco because it appeared to me that Sysco had sufficiently demonstrated that it was entitled to the writ of mandamus. See Ex *837 parte Sysco, 901 So.2d at 677 ("However, if Sysco is precluded from offering in this retaliatory-discharge action the evidence that formed the basis of its belief that [Sysco's employee] had deviated from his delivery route without permission, that he had lied to his supervisor about it, and that he had falsi-fled his transportation log — the only reasons it asserts for having discharged [the employee] — the case has been 'all but determined.’ Therefore, pursuant to Ocwen, review by appeal is inadequate and mandamus relief is appropriate.” (See, J., dissenting)).