MURDOCK, Justice
(dissenting).
Like Justice Stuart, I acknowledge the distinction drawn by Justice Bolin in his special concurrence between the issue whether Hurst’s acts constituted “misconduct” for purposes of being disqualified *838 from receiving unemployment benefits under § 25-4-78(3) and the issue whether Hurst’s acts constituted a violation of company policy that would serve as a proper basis for terminating his employment. 14 So.3d at 837 (Bolin, J., concurring specially and citing Ex parte Sargent, 634 So.2d 1008,1010 (Ala.1993)).
In addition, there is the distinction between an administrative adjudication of the issue whether Hurst actually committed improper acts of whatever nature and the issue whether GCC, in good faith, believed that Hurst had committed those acts and whether that belief was the reason it terminated Hurst’s employment. Although Hurst seeks to rely upon this Court’s decision in Ex parte Sysco Food Services of Jackson, LLC, 901 So.2d 671 (Ala.2004), this Court explained in Sysco:
“At [the employee’s] trial on his claim seeking unemployment benefits, the trial court found not only that [the employee] had not committed any dishonest or criminal acts, but also that ‘[the employee] was not terminated for committing any dishonest or criminal act in connection with his work as alleged by the Department [of Industrial Relations] and/or Sysco.’ Consequently, Sysco is precluded from offering any evidence indicating that it terminated [the employee’s] employment based upon its belief that [the employee] had committed a dishonest or criminal act.”
901 So.2d at 675.'[4] Here, in contrast, the administrative agency specifically found, as Justice Bolin explains, that Hurst’s violation of company policy was the reason GCC terminated Hurst’s employment.
Beyond the foregoing, the decision in Sysco was based on the fact that the exclusion of the proffered defense would not mean that the employer would merely be going through the motion of a trial to obtain an appeal because there were other defenses the employer could assert:
“Sysco, ... quoting [Ex parte JOcwen Federal Bank, [FSB, 872 So.2d 810 (Ala.2003),] argues that mandamus relief is appropriate in this case because, it says, the trial court’s order ‘ “effectively precludes] a decision on the merits ... so that ... the outcome has been all but determined, and the petitioner would be merely going through the motion of a trial to obtain an appeal.” ’ Oaven Federal Bank, 872 So.2d at 813-14.
[[Image here]]
“Because Sysco can present evidence indicating that the termination of [the employee’s] employment was causally related to his poor performance, poor work attendance, or other misconduct arising from the November 20 incident or other incidents that might justify termination, the trial court’s favorable ruling on [the employee’s] motion in limine does not result in Sysco’s ‘merely going through the motions of a trial to obtain an appeal.’ Ocwen Federal Bank, 872 So.2d at 814.”
901 So.2d at 675.[5]
In the present case, however, there do not appear to be other defenses GCC can *839 assert at trial. GCC argues to this Court that its defense is premised on its position that it terminated Hurst’s employment for violating the company policies at issue. GCC also argues that it will be irreparably harmed if it is not allowed to present its defense to Hurst’s retaliatory-discharge claim. I agree. The trial court’s order has “ ‘effectively precluded] a decision on the merits ... so that ... the outcome has been all but determined, and the petitioner would be merely going through the motion of a trial to obtain an appeal.’ ” Sysco, 901 So.2d at 675 (quoting Ocwen Fed. Bank, 872 So.2d at 814). See also Ex parte United States Gypsum Co., 533 So.2d 557 (Ala.1988) (“The probability that the trial court’s error would require U.S. Gypsum to go through a second trial following reversal on appeal following a trial outweighs any prejudice that the plaintiffs face by way of having to defend against the matters raised in the original pre-trial motions.”).
Based on the foregoing, I conclude GCC’s petition for the writ of mandamus should be granted; therefore, I respectfully dissent.

. In his dissenting opinion joined by Chief Justice Nabers, Justice See contended in Sys-co that, although "[the employee] established in his unemployment-compensation case that he did not commit the dishonest or criminal acts of which he was accused, and for the purposes of this retaliatory-discharge action that factual finding has been established,” "Sysco may still assert that at the time it discharged [the employee] Sysco believed in good faith that [the employee] had committed those dishonest or criminal acts.” 901 So.2d at 677 (See, J., dissenting) (citing Tyson Foods, Inc. v. McCollum, 881 So.2d 976, 978 (Ala.2003)).

. In his dissenting opinion in Sysco, Justice See differed with the majority as to whether the employer had any defenses other than *839 those the trial court had effectively excluded from the trial; he reached the same conclusion as the main opinion with respect to the legal principles applicable to such a circumstance:
"We have held that review by appeal may be inadequate when
" ‘the trial court’s order either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party’s entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal.’
"Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813-14 (Ala.2003).
"... [I]f Sysco is precluded from offering in this retaliatory-discharge action the evidence that formed the basis of its belief that [the employee] had deviated from his delivery route without permission, that he had lied to his supervisor about it, and that he had falsified his transportation log — the only reasons it asserts for having discharged [the employee] — the case has been 'all but determined.’ Therefore, pursuant to Ocwen, review by appeal is inadequate and mandamus relief is appropriate.”
901 So.2d at 677 (See, J., dissenting).