On Application for Rehearing
 

 PARKER, Justice.
 

 This Court’s opinion of September 4, 2009, is withdrawn, and the following is substituted therefor.
 

 The State of Alabama petitions this Court for a writ of mandamus directing the Elmore Circuit Court to vacate a pretrial order suppressing certain prosecutorial evidence. We deny the petition.
 

 On July 29, 2003, Ronnie Holman was shot and killed outside his house in Titus, allegedly during a robbery. He was lured outside the house and was then shot. The next day, Jason Murphy was arrested for snatching purses, and on August 11, 2003, Murphy and his brother were arrested for Holman’s murder. Murphy was tried
 
 *1047
 
 twice, and each trial ended in a mistrial.
 
 [1]
 
 This pretrial appeal by the State concerns an evidentiary issue in Murphy’s third trial.
 

 In the two earlier trials, the State was permitted to introduce evidence of Murphy’s conviction for assault that stemmed from Murphy’s shooting of Carlos King. In that incident, Murphy and some friends threw rocks and debris at King’s home, breaking a window, in an effort to encourage King to come outside. King emerged from the house with a firearm, which he allegedly fired, and he was then shot by Murphy, who used a .22-caliber revolver. King survived the gunshot wound. Murphy entered a plea of guilty to an assault charge and was convicted. In the proceedings leading up to the third trial, the defense, as it had in the earlier murder trials, filed a motion in limine seeking to have the evidence of the assault conviction ruled inadmissible as evidence of a prior bad act. At a hearing on Murphy’s motion in limine and all other pretrial motions on April 9, 2008, the State had available to testify an inmate who had previously testified that Murphy had told him that Murphy and others had thrown rocks and debris at Holman’s house to lure him outside, just as they had done in the earlier incident when Murphy shot King; the State argued that testimony concerning that earlier incident is admissible under an exception in Rule 404(b), Ala. R. Evid., to the general rule that evidence of other crimes is not admissible, i.e., evidence of other crimes is admissible as proof of, among other things, preparation, plan, and identity. Murphy challenges the veracity of the inmate’s testimony and argues that the inmate was biased. Moreover, Murphy argues that there is no evidence indicating that any rocks were thrown at Holman’s house. Kathy Holman, the victim’s spouse, testified that she and Holman were watching television when they heard their dogs barking. She said that she and Holman went outside to see what the dogs were barking at. She testified that when they went outside Holman was shot.
 

 On April 10, 2008, the trial court issued its order; that order states, in part:
 

 “Upon argument being received, this Court modifies the previously made ruling concerning the reference to the Carlos King incident as referenced in the Motion [in limine]. This Court hereby rules that the reference to [Murphy’s] previous incident wherein Carlos King was summon[ed] out of his residence and thereafter shot is not substantially similar so as to allow testimony of that incident in the prosecution in this Capital Murder case. This Court finds that the only similar facts are the dog barking and someone being shot outside their residence.”
 

 On April 23, 2008, the State filed a petition for a writ of mandamus with the Court of Criminal Appeals, which denied the petition on July 24, 2008, without an opinion.
 
 State v. Murphy
 
 (No. CR-07-1265, July 24, 2008), 27 So.3d 631 (Ala.Crim.App.2008) (table). This petition followed. In its petition, the State explains that it proceeded with a petition for a writ of mandamus because it could not appeal under Rule 15.7, Ala. R. Crim P., which requires that the State certify that the challenged order, if it remains in force, will be fatal to its case, and the State could not make such a certification in this case.
 
 [2]
 
 “The State
 
 *1048
 
 can and will proceed to trial, even if it is unable to introduce [the desired] evidence .... ” Petition, at 15.
 

 After the State filed its petition, this Court issued its decision in
 
 Ex parte King,
 
 28 So.3d 77 (Ala.2009). In supplemental briefs, both parties addressed the applicability of
 
 Ex parte King,
 
 a case that presents issues similar to those presented in this case. The procedural history of
 
 Ex parte King
 
 is as follows: The Court of Criminal Appeals had issued a writ of mandamus ordering the trial court to vacate its order denying the State’s motion in limine seeking to suppress certain evidence.
 
 State v. King,
 
 23 So.3d 72 (Ala.Crim.App.2008). King then petitioned this Court for a writ of mandamus seeking to have the order of the Court of Criminal Appeals vacated. She argued that by issuing the writ, the Court of Criminal Appeals had enabled the State to file an interlocutory appeal under the guise of a petition seeking mandamus relief. The State argued that the Court of Criminal Appeals had exercised its supervisory authority to avoid a “gross disruption in the administration of the criminal justice system,” which, it argues, would result if its motion in limine was denied. Relying oh
 
 Ex parte Nice,
 
 407 So.2d 874 (Ala.1981),
 
 [3]
 
 this Court agreed with King and issued the writ directing the Court of Criminal Appeals to vacate its order issuing the writ to the trial court. In regard to the allegation of an impending “gross disruption in the administration of the criminal justice system,” we stated:
 

 “If the trial court allows the jury to consider the evidence the State seeks to keep out, it will be acting within its lawful authority, and the State will have no right of appellate review. Such an outcome would reflect the ordinary and proper administration of criminal justice, not a disruption thereof.”
 

 Ex parte King,
 
 23 So.3d at 80.
 

 Unless the trial court acts without lawful authority and, in so doing, justifies the issuance of a writ of mandamus (see supra note 3), the sole avenue for the appeal of a pretrial order by the State lies in Rule 15.7, Ala. R.Crim. P. Because the State could not provide the required certification under Rule 15.7, it did not qualify for an appeal under that rule and, thus, had no right of appeal. Because “ ‘[m]an-damus cannot be used as a substitute for appeal when no appeal is authorized by
 
 *1049
 
 law or court rule
 
 Ex parte King,
 
 23 So.3d at 79 (quoting
 
 Nice,
 
 407 So.2d at 879), the Court of Criminal Appeals correctly denied the State’s petition for a writ of mandamus seeking to vacate the decision of the trial court granting Murphy’s motion in limine and suppressing evidence of Murphy’s assault conviction.
 

 The petition for a writ of mandamus is denied.
 

 APPLICATION GRANTED; OPINION OF SEPTEMBER 4, 2009, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
 

 COBB, C.J., and WOODALL and SMITH, JJ„ concur.
 

 SHAW, J., concurs in the result.
 

 [1]
 

 . The first trial ended in a mistrial on September 15, 2006; the second trial ended in a mistrial on September 28, 2007.
 

 [2]
 

 . Rule 15.7(a), Ala. R.Crim. P., provides: "In any case involving a felony, a misdemeanor, or a violation, an appeal may be taken by the state to the Court of Criminal Appeals from a
 
 *1048
 
 pre-trial order of the circuit court (1) suppressing a confession or admission or other evidence.... Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal Appeals that ... the order, if not reversed on appeal, will be fatal to the prosecution of the charge.”
 

 [3]
 

 . " 'The Court of Criminal Appeals has authority to issue such remedial and original writs as are necessary to give it a general superintendence and control of the circuit courts in criminal matters, over which it has exclusive appellate jurisdiction.'
 
 Ex parte Nice,
 
 407 So.2d 874, 876 (Ala.1981). However, '[m]andamus cannot be used as a substitute for appeal, when no appeal is authorized by law or court rule....'
 
 Nice,
 
 407 So.2d at 879 (emphasis omitted). Instead, mandamus ‘is appropriate in exceptional circumstances which amount to judicial usurpation of power.’
 
 Nice,
 
 407 So.2d at 878 (emphasis omitted). Moreover, ‘mandamus can be used to prevent a gross disruption in the administration of criminal justice.’
 
 Nice,
 
 407 So.2d at 879 (emphasis omitted). Thus, when the trial court has acted without lawful authority, the State has been afforded mandamus relief. See, e.g.,
 
 State v. Blane,
 
 985 So.2d 384 (Ala.2007) (directing circuit court to vacate order expunging criminal record);
 
 D.B.Y. v. State,
 
 910 So.2d 820 (Ala.Crim.App.2005) (directing trial court to reinstate juvenile's probation and direct that juvenile undergo sexual-offender risk assessment before being released from probation).”
 
 Ex parte King,
 
 23 So.3d at 79.